# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**PEPPERWOOD OF NAPLES
CONDOMINIUM ASSOCIATION, INC.,**

        Plaintiff,                        Case No.: 2:10-cv-753-FtM-36SPC

vs.

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

        Defendant.

_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION
## OF DOCUMENTS SERVED FEBRUARY 17, 2011

Plaintiff, PEPPERWOOD OF NAPLES CONDOMINIUM ASSOCATION, INC. ("PEPPERWOOD"), by and through its undersigned counsel, pursuant to the applicable Florida Rules of Civil Procedure, hereby requests the Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("NATIONWIDE"), to produce at the office of Merlin Law Group, P.A., 777 S. Harbour Island Boulevard, Suite 950, Tampa, Florida 33602, the following documents for inspection, examination and copying within thirty (30) days, or at such time and place as may be agreed upon between counsel, the originals or, if the originals are unavailable, copies of all documents hereinafter described in the possession, custody and control of NATIONWIDE. NATIONWIDE will be in compliance with this Request to Produce if NATIONWIDE provides to PEPPERWOOD'S attorney, by mail, a complete and legible copy of the requested documents prior to the date fixed for production and make arrangements for the inspection of all other items which cannot be copied at a time convenient to both PEPPERWOOD and NATIONWIDE.

## Instructions

1. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. Documents are to be produced in full and unexpurgated form.

2. This Request shall be deemed continuing, if permitted by Rule, so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3. If any documents covered by this Request are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced identifying each such documents for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld: author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this Request to which such document relates.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6. All objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to defendant's counsel within the time provided in Florida Rule of Civil Procedure 1.350 or at such other time as is agreed upon by the parties or ordered by this Court.

7. Where identification of a document is requested, please set forth the identity of its author or originator, the date of such authorship or origination, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

8. Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to Plaintiff, if any.

### Definitions

1. "Plaintiff" means PEPPERWOOD OF NAPLES CONDOMINIUM ASSOCATION, INC. ("PEPPERWOOD"), its agents, employees, and representatives.

2. "Defendant" and/or "you" and "your" means Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("NATIONWIDE"), individually or any representatives or agents who are authorized to act on NATIONWIDE'S behalf.

3. The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys), such as friends, relatives and spouse, acting or purporting to act on behalf of the person or entity.

4. The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request. "Document" as used herein shall be construed broadly to include all documents and things within the scope of Florida Rule of Civil Procedure 1.340 and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded. It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

5. The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this

request, even if such person or entity is not the primary or direct addressee of such written information.

6. The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

7. "Person" means a natural person, firm, association, partnership, corporation or other form of legal or business entity, public or private.

8. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, with limitation."

9. All other words have their plain and ordinary meaning.

## DOCUMENTS TO BE PRODUCED

1. A copy of any and all civil remedy notices ("CRN") and related correspondence, including NATIONWIDE'S responses to the CRN, regarding similarly situated policy holders as PEPPERWOOD from January 2004 until the present.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail on this 17th day of February, 2011, to: Ernest J. Myers, Esquire, Marcus & Myers, P.A., 1515 Park Center Drive, Suite 2G, Orlando, Florida 32835.

_____
DAVID J. PETTINATO, ESQUIRE
Florida Bar Number: 062324
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Boulevard
Suite 950
Tampa, Florida 33602
Telephone: (813) 229-1000
Fax: (813) 229-3692
Email: DPettinato@Merlinlawgroup.com
Attorney for Plaintiff