IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

PEPPERWOOD OF NAPLES
CONDOMINIUM ASSOCIATION, INC.

                Plaintiff,                        Case No.:

vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

                Defendant.
_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, SERVED WITH THE COMPLAINT

**PLEASE TAKE NOTICE** that Plaintiff, PEPPERWOOD OF NAPLES CONDOMINIUM ASSOCIATION, INC., served the original and one copy of First Set of Interrogatories to Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, by serving an original and one copy with the Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid, to Insurance Commissioner, Process Section, 200 E. Gaines Street, Post Office Box 6200, Tallahassee, Florida 32314-6100, for service upon the Defendant with the Complaint.

_____
DAVID J. PETTINATO, ESQUIRE
Florida Bar Number: 062324
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Blvd, Ste 950
Tampa, Florida  33602
Telephone:  (813) 229-1000
Fax: (813) 229-3692
DPettinato@merlinlawgroup.com
Attorney for Plaintiff

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

PEPPERWOOD OF NAPLES
CONDOMINIUM ASSOCIATION, INC.

              **Plaintiff,**                        Case No.:

vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

              **Defendant.**

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT SERVED WITH THE COMPLAINT

Plaintiff, PEPPERWOOD OF NAPLES CONDOMINIUM ASSOCIATION, INC.

("PEPPERWOOD"), by and through its undersigned counsel, hereby propounds upon the

Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("NATIONWIDE"),

the following interrogatories to be answered, in compliance with applicable Rules of

Procedure.

### Instructions

1.    You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in these Interrogatories.  Documents are to be produced in full and unexpurgated form.

2.    These Interrogatories shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3.    If any documents covered by these Interrogatories are withheld by reason of a claim of privilege, work-product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced identifying each such document for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld:  author; recipient; sender; indicated or blind copies; date; subject

matter; basis on which the privilege is claimed; number of pages; and the paragraph of these Interrogatories to which such document relates.

4.     If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5.     In the event that any document called for by these Interrogatories has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information:  author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6.     All objections to any category of documents to be produced pursuant to these Interrogatories or to any definition or instruction they contain shall be in writing and delivered to Defendants' counsel within the time provided in the Florida Rules of Civil Procedure or at such other time as is agreed upon by the parties or ordered by the Court.

7.     Where identification of a document is requested, please set forth the identity of its author or originator, the date of such authorship or origination, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

8.     Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to Defendants, if any.

## Definitions

1.     "Plaintiff"   means   PEPPERWOOD   OF   NAPLES   CONDOMINIUM ASSOCIATION, ("PEPPERWOOD") its agents, employees, and representatives.

2.     "Defendant" and/or "you" and "your" means Defendant, NATIONWIDE MUTUAL   FIRE   INSURANCE   COMPANY ("NATIONWIDE")   individually   or   any representatives or agents who are authorized to act on NATIONWIDE'S behalf.

3.     The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys), such as friends, relatives and spouse, acting or purporting to act on behalf of the person or entity.

4.     The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, documents whether printed, recorded, stored or

reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request. "Document" as used herein shall be construed broadly to include all documents and things within the scope of Florida Rule of Civil Procedure 1.340 and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded. It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

5.     The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means.  The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

6.     The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

7.     "Person" means a natural person, firm, association, partnership, corporation or other form of legal or business entity, public or private.

8.     The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, without limitation."

9.     All other words have their plain and ordinary meaning.

10.     **Application Software:**  A set of electronic instructions, also known as a program, which instructs a computer to perform a specific set of processes.

**Archive:**  A copy of data on a computer drive, or on a portion of a drive, maintained for historical reference.

**Backup:**  A copy of active data, intended for use in restoration of data.

**Computer:** Includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, the PDAs of [party name] and its employees (personal digital assistants, such as PalmPilot, Cassiopeia, HP Jornada and other such handheld computing devices), digital cell phones and pagers.

**Data:** Any and all information stored on media that may be accessed by a computer.

**Digital Camera:** A camera that stores still or moving pictures in a digital format (TIFF, GIF, etc.).

**Document:** Includes but is not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Hard Drive:** The primary hardware that a computer uses to store information, typically magnetized media on rotating disks.

**Help Features/Documentation:** Instructions that assist a user on how to set up and use a product including but not limited to software, manuals and instruction files.

**Imaged Copy:** A "mirror image" bit-by-bit copy of a hard drive (i.e., a complete replication of the physical drive).

**Input Device:** Any object that allows a user to communicate with a computer by entering information or issuing commands (e.g., keyboard, mouse or joystick).

**Magnetic or Optical Storage Media:** Include but are not limited to hard drives (also known as "hard disks"), backup tapes, CD-ROMs, DVD-ROMs, JAZ and Zip drives, and floppy disks.

**Network:** A group of connected computers that allow people to share information and equipment (e.g., local area network [LAN], wide area network [WAN], metropolitan area network [MAN], storage area network [SAN], peer-to-peer network, client-server network).

**Operating System:** Software that directs the overall activity of a computer (e.g., MS-DOS, Windows, Linux).

**Network Operating System:** Software that directs the overall activity of networked computers.

**Software:**  Any set of instructions stored on computer-readable media that tells a computer what to do.  Includes operating systems and applications.

**Storage Devices:**  Any device that a computer uses to store information.

**Storage Media:**  Storage media are any removable devices that store data.

## FIRST SET OF INTERROGATORIES

1.   State the name, official title and function, relationship with NATIONWIDE, address and telephone number of each person(s) who assisted in the preparation and formulation of the answers to these Interrogatories, and responses to the request for production of documents that accompany these interrogatories, and in the assembly of documents to be produced.

   **ANSWER:**

2.   State the name, address, telephone number and title of each person(s) who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967 Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida, and/or relevant knowledge of the claim, giving a brief description of their responsibilities regarding this matter. This interrogatory seeks the name of every employee of NATIONWIDE who had anything to do with the claim, including the adjusters, branch claims representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review committee or claims committee. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

A.    If any person identified in the answer to the preceding Interrogatory has been promoted, demoted, or transferred during the time relevant herein, describe in detail the change in employment status of each such individual, including the circumstances of the person's employment before and after the change in status.

**ANSWER:**

B.    If any person identified in the answer to the preceding Interrogatory is no longer employed with NATIONWIDE, please state the date of separation, and the last-known residence address and telephone number or place of current employment of each such past employee.

**ANSWER:**

3.   Describe comprehensively and in detail each and every way you believe that PEPPERWOOD violated and/or failed to comply with the terms or conditions of the insurance policy, including but not limited to, cooperate with NATIONWIDE'S investigation and adjustment of the loss, intentional concealment, omitted and/or misrepresented any material facts or circumstances.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

4.   State with specificity, when and why did NATIONWIDE anticipate litigation with regard to a breach of contract cause of action and an unfair claims practice cause of action (Bad Faith).  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

5.  What reserve did NATIONWIDE originally set for PEPPERWOOD'S claims reported on or about October 24, 2005?  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

   A.  Did the reserve ever changed?  If so, when and why was the reserve changed and what amount was the reserve changed to?  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

      **ANSWER:**

6.     Describe comprehensively and in detail each and every way you believe that NATIONWIDE acted in good faith and with due regard for the interests of PEPPERWOOD in attempting to settle PEPPERWOOD'S claims reported on or about October 24, 2005.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

7.     Describe comprehensively each file that was opened, created, or maintained by NATIONWIDE relating in any way to the policy or the claim, including:

-       the complete name or title of the file;
-       the complete file number or other identifying designation;
-       its present custodian and physical location within NATIONWIDE; and
-       its general purpose or business classification.

This interrogatory seeks the identification of each "claims file" and each "underwriting file" under whatever designation or description, and every copy or duplicate thereof which may exist within NATIONWIDE.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

8.   State whether or not any information or data pertaining to the policy, the claim or the claims-handling or underwriting activities at issue in this litigation of NATIONWIDE or any reports, communications, or information relating to this matter in this litigation are maintained on any electronic media, such as computer data files, electronic mail, or any equivalent.  If yes, state with specificity how they are maintained and where are they maintained.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

A.   If the answer to preceding Interrogatory is yes, describe the contents of such electronically stored information, whether or not hard copies of such material exist, the custodian of such data, and the appropriate location within the company for the retrieval of such data.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

9.      Identify the person most knowledgeable at NATIONWIDE, including the title, function and address, who is responsible for determining, promulgating, and overseeing company policies and standard procedures for the administration, investigation, evaluation, determination, and payment of NATIONWIDE'S first party property and/or hurricane insurance claims in the State of Florida from 2004 through 2009.

   **ANSWER:**

10.     State with specificity any document containing statements of protocol, company guidelines, administrative bulletins, manual or handbook, inter-company memoranda or other document(s) of any kind, promulgated by NATIONWIDE and disseminated or distributed to its employees, relating to the standard, recommended, or expected procedures for the administration, investigation, evaluation, determination, and payment of first party property and/or hurricane claims in the State of Florida from 2004 through 2009.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

A.   If the answer to the preceding Interrogatory is yes there are document(s), state:

-   the complete title of such manual;
-   the year of publication;
-   the author or the department or individual responsible for its contents; and
-   an appropriate custodian within the company who would have a current edition available for inspection.

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

11.   Identify the person most knowledgeable at NATIONWIDE including title, address and function, who is responsible for devising, implementing, and overseeing the training of adjusters, claims representatives, claims supervisors, or any other individual involved in first party property and/or hurricane claims-handling process within NATIONWIDE in the State of Florida from 2004 through 2009; and, who is the person(s) that trained the adjuster(s) who is responsible for PEPPERWOOD'S claim adjustment.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

A.   Describe comprehensively and in detail all training materials of any kind used by NATIONWIDE in training adjusters, claims representatives, claims supervisors, or any other individual involved with first party property and/or hurricane claims-handling process within NATIONWIDE in the State of Florida from 2004 through 2009.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

12.   State the good faith factual basis for NATIONWIDE'S Answer and Affirmative Defense(s) to PEPPERWOOD'S Complaint (Unfair Claims Handling Practices). Identify the date, type of document, author(s), recipient(s), and present custodian of every document known or believed by you to refer or relate in any way to the facts you contend support NATIONWIDE'S Answer and Affirmative Defense(s). State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts and identify all documents that support or explain any of these facts.

**ANSWER:**

13.   State with specificity all insurance proceed payments made by NATIONWIDE to the Plaintiff, including but not limited to:

-   the date of payment(s);
-   amount of payment(s);
-   reason for payment(s);
-   coverage under which payment(s) was being tendered;
-   check number(s), and
-   the documents and/or information NATIONWIDE utilized to support it makings such payment(s).

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

14.   Since the date of loss have any documents at NATIONWIDE regarding Plaintiff's insurance claim been destroyed, purged or deleted?  If so, please state which electronic files have been deleted from the magnetic or optical storage media of NATIONWIDE or overwritten from that date to the present, and dates of destruction or overwriting.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

15.    As to the storage of NATIONWIDE'S data generated by the users[1] of your computers (such as word-processed files, PDF files, and e-mail, etc.), please state whether the data is backed up on tape or other media?  If so:

-    How many such media currently exist with backup data on them?
-    What is the maximum storage size in megabytes for each such media?
-    What is the brand name for each such media?
-    When was the last time each such media was backed up with data?
-    What was the computer or other hardware (e.g., individual workstation, server) for each such backup?
-    With respect to the immediately foregoing question, state the physical location and current user of each computer or other hardware listed.

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

16.    List with specificity all computer equipment provided by NATIONWIDE or used by employees/representatives[2] involved in the Plaintiff's claims handling of the insurance claim, including but not limited to laptops, PDA, voice mail, cellular telephone, hardware and/or peripherals attached to a computer such as computer cases [desktop, tower, portable/batteries, all-in-one], monitors, modems (internal or external), printers, keyboards, printers, scanners, mice (cord and cordless), pointing devices (joystick, touchpad, trackball) and speakers. Include description of equipment, serial number, all users for the period 2004 to 2009, and dates used, and all locations where the equipment was located for the same time period.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

---

[1]    Users are defined as anyone who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD.

[2]    Employees/representatives are defined as anyone who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD.

17.   List with specificity all operating systems (including but not limited to UNIX, Windows, DOS, Linux and PDA operating systems) installed on all computers used by NATIONWIDE, the specific equipment the OS was installed on and the period during which it was installed on the specific equipment.   State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

18.   Does NATIONWIDE have any graphic representation of the components of your telephone and voice messaging system, and the relationship of those components to each other, including but not limited to flow charts, videos or photos, and diagrams?  If so, where are the documents located?  Include logical paths for electronic documents.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

19.   List with specificity all telephone equipment provided by NATIONWIDE or used by employees/representatives[3] involved in the Plaintiff's insurance claim to perform work for NATIONWIDE, including but not limited to desktop telephones, cell phones, pagers, PDA and laptop modems, calling cards, telephony software and contact management software.   Include description of equipment and software, serial number, all users for the period of 2004 to 2009, inclusive and dates used, and all locations where the equipment was located for the time period inclusive.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

20.   Do any employees/representatives[4] involved in the Plaintiff's insurance claim subscribe to or participate in Internet newsgroups or chat groups in the course of their employment?  If so, list all users and the services that they subscribe to or participate in.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

   **ANSWER:**

---

[3]      Employees/representatives are defined as anyone who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD.

[4]      Employees/representatives are defined as anyone who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD.

21.   Do any employees/representatives[5] involved in the Plaintiff's insurance claim use portable devices in the course of their employment that are not connected to NATIONWIDE'S network, and that are not backed up or archived?  If so, list with specificity all users and the devices they use.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

22.   Does  NATIONWIDE  provide  Internet  access  for  any  of  its employees/representatives[6] involved in the Plaintiff's insurance claim or has NATIONWIDE done so at any time during the period from 2005 to 2009 inclusive?  If so, list:

- the employees who had Internet access;
- the Internet service provider (ISP) used;
- describe the method(s) used to connect to the Internet;
- describe any restrictions on, controls over or monitoring of employee use of Internet resources.

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

---

[5]      Employees/representatives are defined as anyone who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD.

[6]      Employees/representatives are PEPPERWOOD.

23.    Provide a list of any and all Internet-related data on the PCs used by NATIONWIDE'S employees/representatives[7] involved in the Plaintiff's insurance claim, including but not limited to saved Web pages, lists of Web sites, URL addresses, Web browser software and settings, bookmarks, favorites, history lists, caches, cookies.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

24.    Does NATIONWIDE have any graphic representation of the components of your computer network, and the relationship of those components to each other, including but not limited to flow charts, videos or photos, and drawings?  Include network topology documents and network schemas in your response, and if so, where are the documents located?  Include logical paths and physical locations for electronic representations.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

---

[7]      Employees/representatives are defined as anyone who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD.

**NATIONWIDE   MUTUAL   FIRE   INSURANCE COMPANY**


By_____
Authorized designated representative


_____
Printed name


_____
Title


STATE OF _____

COUNTY OF_____

     The foregoing instrument was acknowledged before me this_____day

of_____, 2010, by_____ as the authorized representative of

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, who is personally known to me

or who has produced _____as identification and who took an oath.

     IN WITNESS WHEREOF, my hand and seal in the State and County aforesaid

this_____day of_____, 2010.


                            _____
                            Signature of Person Taking
                            Acknowledgment


                            _____
                            Name of Acknowledger (Typed,
                            Printed or Stamped)

                            Title:  Notary Public

                            Commission #_____