IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

**PEPPERWOOD OF NAPLES
CONDOMINIUM ASSOCIATION, INC.**

        Plaintiff,                              Case No.:

vs.

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

        Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### SERVED WITH THE COMPLAINT

Plaintiff, PEPPERWOOD OF NAPLES CONDOMINIUM ASSOCATION, INC. ("PEPPERWOOD"), by and through its undersigned counsel, pursuant to the applicable Florida Rules of Civil Procedure, hereby requests the Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("NATIONWIDE"), to produce at the office of Merlin Law Group, P.A., 777 S. Harbour Island Boulevard, Suite 950, Tampa, Florida 33602, the following documents for inspection, examination and copying within forty-five (45) days, or at such time and place as may be agreed upon between counsel, the originals or, if the originals are unavailable, copies of all documents hereinafter described in the possession, custody and control of NATIONWIDE.  NATIONWIDE will be in compliance with this Request to Produce if NATIONWIDE provides to PEPPERWOOD'S attorney, by mail, a complete and legible copy of the requested documents prior to the date fixed for production and make arrangements for the inspection of all other items which cannot be copied at a time convenient to both PEPPERWOOD and NATIONWIDE.

EXHIBIT "A"

## Instructions

1. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. Documents are to be produced in full and unexpurgated form.

2. This Request shall be deemed continuing, if permitted by Rule, so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3. If any documents covered by this Request are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced identifying each such documents for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld: author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this Request to which such document relates.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6. All objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to defendant's counsel within the time provided in Florida Rule of Civil Procedure 1.350 or at such other time as is agreed upon by the parties or ordered by this Court.

7. Where identification of a document is requested, please set forth the identity of its author or originator, the date of such authorship or origination, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

8. Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to Plaintiff, if any.

## Definitions

1. "Plaintiff" means PEPPERWOOD OF NAPLES CONDOMINIUM ASSOCATION, INC. ("PEPPERWOOD"), its agents, employees, and representatives.

2. "Defendant" and/or "you" and "your" means Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("NATIONWIDE"), individually or any representatives or agents who are authorized to act on NATIONWIDE'S behalf.

3. The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys), such as friends, relatives and spouse, acting or purporting to act on behalf of the person or entity.

4. The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request. "Document" as used herein shall be construed broadly to include all documents and things within the scope of Florida Rule of Civil Procedure 1.340 and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded. It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

5. The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this

request, even if such person or entity is not the primary or direct addressee of such written information.

6.   The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

7.   "Person" means a natural person, firm, association, partnership, corporation or other form of legal or business entity, public or private.

8.   The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, with limitation."

9.   All other words have their plain and ordinary meaning.

## DOCUMENTS TO BE PRODUCED

1. Copies of all documentation, of whatever kind or nature, in your possession, custody or control (excluding privileged or protected documents) concerning PEPPERWOOD'S claim of loss that occurred on or about October 24, 2005, for damages to its insured property located at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967 Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida, including but not limited to, certified copies of any insurance policies, recorded statements, documentation of the claim such as proofs of loss, reports or memoranda by NATIONWIDE'S adjuster regarding the extent of damage and the reasons that payment has been withheld or denial of the claim.

2. Copies of all documentation, of whatever kind or nature, in your possession, custody or control (excluding privileged or protected documents) concerning prior or subsequent insurance claim(s) made by NATIONWIDE'S insured, PEPPERWOOD, to either NATIONWIDE or some other insurance carrier regarding its claim of loss, including but not limited to, copies of any insurance policies, recorded statements, documentation of the claim such as proofs of loss, reports or memoranda by the insurance adjuster regarding the extent of damage and the reasons for payment or denial of the claim and copies of any and all letters to or from the insurance carrier which deny the claim, address the claim, or propose no coverage, as well as copies of all correspondence to or from the insured regarding the claim(s).

3. Copies of all recorded or transcribed statements taken by you, your representative(s) and/or your attorneys, of any persons having knowledge of any facts relating to any of the issues in this case.

4. Copies of all correspondence, notices, reports or other communications between you and your representatives and PEPPERWOOD or its representatives regarding the hurricane damage at PEPPERWOOD'S insured property located at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967 Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida.

5. Copies of all letters from NATIONWIDE which deny or withhold or delay insurance payments of PEPPERWOOD'S claim which is the subject of Plaintiff's Bad Faith Complaint, as well as copies of all correspondence to or from PEPPERWOOD regarding its claim and/or the hurricane damage located at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967 Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida.

6. Copies of all documents in your possession, custody, or control (excluding privileged or protected documents) relating to PEPPERWOOD'S insured property located at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967

       Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida, which is the subject matter of this litigation including but not limited to: photographs, videotapes, photographic and videotape logs related to such photographs or videotapes, sketches, drawings, field notes, reports relied upon by you, reports prepared by you or prepared for you or on behalf of NATIONWIDE regarding PEPPERWOOD'S October 24, 2005, claim and/or hurricane damage.

7. Copies of all inventories, estimates of whatever kind or nature received by you and upon which you relied in reaching your conclusions concerning the valuation of PEPPERWOOD'S loss.

8. Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to deny, withhold or refuse to pay PEPPERWOOD'S claim that is the subject of Plaintiff's Bad Faith Complaint.

9. With respect to Interrogatory No. 3, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, upon which you base your response to this Interrogatory.

10. With respect to Interrogatory No. 4, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

11. With respect to Interrogatory No. 5 and 5A, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

12. With respect to Interrogatory No. 6, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

13. With respect to Interrogatory No. 7, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

14. With respect to Interrogatory No. 8 and 8A, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

15. With respect to Interrogatory No. 9, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

16. With respect to Interrogatory No. 10 and 10A, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

17. With respect to Interrogatory No. 11 and 11A, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

18. With respect to Interrogatory No. 12, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

19. With respect to Interrogatory No. 13, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

20. With respect to Interrogatory No. 14, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

21. With respect to Interrogatory No. 15, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

22. With respect to Interrogatory No. 16, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

23. With respect to Interrogatory No. 17, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

24. With respect to Interrogatory No. 18, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

25. With respect to Interrogatory No. 19, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

26. With respect to Interrogatory No. 20, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

27. With respect to Interrogatory No. 21, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

28. With respect to Interrogatory No. 22, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

29. With respect to Interrogatory No. 23, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

30. With respect to Interrogatory No. 24, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

31. Copy of the complete paper and electronic claim file, cover to cover, from the home office, regional and local (including "field" file) regarding the claim that is the subject of this matter (excluding attorney-client privileged and/or work product protected documents), including but not limited to:

    a. All letters, memoranda and other forms of written or computerized communication to or from any employee of Defendant, NATIONWIDE, relating in any way to the processing of the claim at issue in this action;

    b. All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant, NATIONWIDE, relating in any way to the processing of the claim at issue in this action;

    c. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, NATIONWIDE, and Plaintiff relating in any way to the claim at issue in this action;

    d. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, NATIONWIDE, and any third party relating in any way to the claim at issue in this action;

    e. All written or computerized records of any investigation conducted in connection with the claim at issue in this action;

    f. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or

       from any employee of Defendant, NATIONWIDE, relating in any way to the decision to deny Plaintiff's claim;

g. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant, NATIONWIDE, relating in any way to the decision to deny Plaintiff's claim;

h. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, NATIONWIDE, and any third party relating in any way to the decision to deny Plaintiff's claim;

i. All other written or computerized documents pertaining to the claim at issue in this litigation;

j. The file folders in which the preceding documents are kept;

k. Reports and correspondence;

l. Tapes – video and audio;

m. Photographs – original negatives.

32. Defendant's, NATIONWIDE'S, complete underwriting files referring or relating in any way to the policy at issue in this action including, without limitation:

a. All letters, memoranda and other forms of written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, referring or relating in any way to the issuance of the policy at issue in this action;

b. The file folders in which the preceding documents are kept.

33. All first property claims manuals – printed or electronic, bulletins, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant, NATIONWIDE, in the handling of first party real property and/or hurricane claims in the State of Florida from the years of 2004 through 2009, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action, including, without limitation:

a. The documents reflecting NATIONWIDE claim settlement policies as they existed at the time PEPPERWOOD submitted its October 24, 2005 claim;

b. The documents reflecting any subsequent changes of policy;

9

      c.    Hurricane loss handling procedures;
      d.    Supervisor's and manager's manuals in first party real property and/or hurricane cases in the state of Florida;
      e.    "Historical" copies and procedures to retain them.

34. **ORIGINAL** claims files relating to every reported hurricane claim in the State of Florida, to NATIONWIDE from 2004 though 2009, and/or a print out of such claims.

35. Copies of all information and documentation on NATIONWIDE'S claims' handling personnel, adjusters and supervisors involved with PEPPERWOOD'S claim, including but limited to the following information:

      a.    Job descriptions;
      b.    Original application for employment;
      c.    Annual performance evaluations;
      d.    History of salary and promotions/demotions;
      e.    Educational records (including company courses), including Curriculum (taped or written) used for these courses;
      f.    Letters of commendation or complaint;
      e.    Memberships in professional organizations, codes of ethics.

36. Copies of personnel or "H.R." (Human Resources) manuals for NATIONWIDE'S first party real property and/or hurricane claims' handling personnel, adjusters and supervisors for the State of Florida from 2004 through 2009, including, but not limited to:

      a.    Job descriptions;
      b.    Salary grade classifications;
      c.    Criteria for promotion/demotion;
      d.    Performance evaluations and activity review;
      e.    Performance-based compensation plans;
      f.    Incentive programs and retirement funds;
      g.    Profit-sharing and stock ownership.

37. Copies of loss reserve history with regard to PEPPERWOOD'S claim including, but not limited to:

      a.    Original reserves and all changes;
      b.    Methods and criteria for setting reserves.

38. Copies of videotaped, recorded, or written training manuals for first party property and/or hurricane claims' handling of NATIONWIDE personnel, adjusters and supervisors in the State of Florida from 2004 through 2009, including, but not limited to:

      a.    Real Property (including hurricane) loss adjusting;
      b.    Disputed claims;

c.  Coverage interpretation.

39. Copy of employee handbooks for NATIONWIDE'S first party property and/or hurricane claims' handling personnel, adjusters and supervisors in the State of Florida from 2004 through 2009, including, but not limited to:

a.  Orientation manual or booklet;
b.  Benefits;
c.  Profit-sharing, stock ownership and incentive plans;
d.  Company philosophies and policies in handling first party property and/or hurricane claims.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid, to Insurance Commissioner, Process Section, 200 E. Gaines Street, Post Office Box 6200, Tallahassee, Florida 32314-6100, for service upon the Defendant with the Complaint.

DAVID J. PETTINATO, ESQUIRE
Florida Bar Number: 062324
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Boulevard
Suite 950
Tampa, Florida 33602
Telephone: (813) 229-1000
Fax: (813) 229-3692
Email: DPettinato@Merlinlawgroup.com
Attorney for Plaintiff