# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

Pepperwood of Naples Condominium Association, Inc.,

       Plaintiff,

-vs-                Case No.  2:10-cv-753-FtM-36SPC

Nationwide Mutual Fire Insurance Company,

       Defendants.

_____

## ORDER

This matter comes before the Court on Plaintiff, Pepperwood of Naples Condominium Association, Inc.'s Motion to Compel (Doc. #19) filed on August 5, 2011.  Defendant, Nationwide Mutual Fire Insurance Company filed a Response in Opposition to Plaintiff's Motion to Compel (Doc. #24) on August 18, 2011.  The Plaintiff is asking this Court to overrule Defendant's objection to its Second Request for Production and compel Defendant to respond. The Motion is now ripe for the Court's review.

## Background

In the Complaint, Plaintiff Pepperwood of Naples Condominium Associations, Inc. alleges that in 2004, Pepperwood's insured property sustained substantial damages as a result of hurricane and/or hurricane force winds and ensuing damages. (Doc. #2, ¶8) Nationwide was notified of the loss and began adjusting the claim. Id. at ¶10. Nationwide acknowledged the loss was covered, but failed to promptly tender all insurance benefits. Id. at ¶13.

As a result, Pepperwood was required to retain the services of an insurance claim professional to assist in obtaining the owed insurance benefits. (Doc. #2, ¶14). Nationwide's failure to acknowledge full coverage and to promptly tender all insurance benefits resulted in Pepperwood incurring the expense of retaining a Public Adjuster to assist in submitting the insurance claim to nationwide. Id.

On or about April 18, 2008, Pepperwood states because Nationwide refused to tender owed insurance benefits, Pepperwood demanded appraisal. Id. at ¶15. At this time, Nationwide had tendered approximately $30,270.20. Id. On May 19, 2010, a Final Appraisal Award was entered, awarding Pepperwood $1,901,645.06 (Replacement Cost) and $1,535,468.28 (Actual Cash Value). Id. On June 17, 2010, after the appraisal, Nationwide tendered an additional $1,391,675.64 in owed insurance benefits to Pepperwood. Id.

On or about November 8, 2010, Pepperwood filed its Complaint for Unfair Methods of Competition and Unfair or Deceptive Acts or Practices (Doc. #2). Pepperwood alleges that Nationwide breached the Insurance Policy covering Pepperwood's insured properties and the fair claims handling statutes. Id. at ¶¶18-21.

## Discussion

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at

trial.  <u>Oppenheimer Fund, Inc.</u> at 351.  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries."  <u>Id.</u>  "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'"  <u>Henderson v. Holiday CVS, L.L.C.</u>, 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).  "[T]he Federal Rules of Civil Procedure allow for broad discovery that does not need to be admissible at trial."  <u>Martin v. Zale Delaware, Inc.</u>, 2008 WL 5255555, *2 (M.D. Fla. Dec. 25, 2008) (citing Fed. R. Civ. P. 26(b)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b).  Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

<u>*Plaintiff's Second Request for Production*</u>

On February, 17, 2011, Plaintiff served its Second Request for Production on Nationwide containing the following request:

> **Request No. 1**: A copy of any and all civil remedy notices ("CRN") and related correspondence, including Nationwide's responses to the CRN, regarding similarly situated policy holders as Pepperwood from January 2004 until the present.

-3-

On March 25, 2011, Defendant served the following Response to Plaintiff's Second Request for Production:

> **Nationwide's Response**: Objection. This request is overbroad in temporal and subject scope; this request is vague with respect to the phrase "similarly situated policy holders"; this request is burdensome and harassing; this request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiver of the same, this request seeks information that is publicly available online from the Florida Department of Financial Services [FDFS], and can be obtained from that source as easily by Plaintiff as by the Defendant.

The Court notes the Defendant reserves its objections and answers.  If an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, this court is reluctant to sustain the objection.  See Mann v. Island Resorts Development, Inc., 2009 WL 6409113 * 2 -3 (N.D. Fla. February 21, 2009) (waiving the objection in the case where the party filed an objection and then answered the question in spite of the objection). Although this seems to be an increasingly common approach to discovery, it raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection? This court cannot logically conclude that the objection survives the answer.  Simply put, the rules do not on their face give a party that option.  Mann, 2009 WL 6409113 at* 2 -3. Rule 34(b)(2), relating to request for production,  provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and *permit inspection of the rest.*  Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules. Mann, 2009 WL 6409113 at* 2 -3.  See also Martin, 2008 WL 5255555, at *2 (noting that "such an objection and answer preserves nothing and wastes the time and resources of the parties and the court").

Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands. <u>Mann</u>, 2009 WL 6409113 at* 2 -3; <u>Consumer Electronics Association v. Compras and Buys Magazine, Inc.</u>, 2008 WL 4327253 * 2 (S.D. Fla. September 18, 2008) (holding that formulaic objections followed by an answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court, because such practice leaves the requesting Party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered); <u>Meese v. Eaton Manufacturing, Co.</u>, 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that a party who objects and then answers an interrogatory waives that objection); Wright, Miller & Marcus, <u>Federal Practice and Procedure: Civil</u> § 2173(stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.").

Furthermore, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. <u>Mann</u>, 2009 WL 6409113 at* 2 -3. Other courts have remarked that all a mixed response really says is the counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. <u>Mann</u>, 2009 WL 6409113 at* 2 -3.

Defendant objects to this request as being overly broad in temporal and subject scope, vague, burdensome, and harassing. "Parties are not permitted to assert these types of conclusory, boilperplate objections that fail to explain the precise grounds that make the request objectionable." <u>Martin</u>, 2008 WL 5255555, at *1. Defendant's boilerplate objection/response to Requests #1 is not well taken. Defendant must state specific grounds for each objection. Plaintiff states that this evidence is relevant to its allegation that Defendant engaged in a general business practice. (Doc. #2,

at ¶34).  In Sandal wood Estates Homeowner's Association, Inc. v Empire Indemnity Insurance Co.,

2010 WL 2966490 (S.D. Fla. May, 12 2010) the court ordered the insurance company to produce

civil remedy notices in relation to a claim regarding insurance benefits for damage sustained in a

hurricane. Id. at *6. In addition, in Simon v. Pronational Ins. Co., 2007 WL 4893477 (S.D. Fla.

November 1, 2007) the court required the insurance company to produce "civil remedy notices (and

related correspondence) and documents regarding similarly situated policy holders from January

2007 until the present. [footnote omitted].[Defendant] contends that this request is unduly

burdensome [footnote omitted] and that the information sought is available in the public record.  .

. . The court finds these objections insufficient to preclude production of the requested information.

See Baine v. General Motors Corp., 141 F.R.D. 328, 331 (M.D.Ala. 1991) ("The mere fact that

producing documents would be burdensome and expensive and would interfere with the party's

normal operations is not inherently a reason to refuse an otherwise legitimate discovery request.").

Id. at* 2. The Court also held that the time period was not overly broad. Id. Plaintiff's reasoning for

the basis of this Request is well taken.  Given this, the Court finds the information relevant and

calculated to lead to the discovery of admissible evidence.

    "[A]n objection that a discovery request is irrelevant and not reasonably calculated to lead

to admissible evidence must include a specific explanation describing why."  Martin, 2008 WL

5255555, at *2.  Thus, Defendant's objection to this Request as to relevancy was improper.

Defendant's boilerplate objection does not indicate why this request is irrelevant.  In Defendant's

Opposition to Plaintiff's Motion to Compel (Doc. #24), Defendant states "the CRN is not evidence

of bad faith, statutory violations, or any other fact relevant to the insurers conduct in a particular

case." (Doc. #24, at 3). The Court finds though that this Request is relevant as Plaintiff's Complaint

alleges that Defendant "as a general business practice, NATIONWIDE intentionally and/or in such reckless disregard for the rights of the insureds, utilizes unfair claims handling practices for financial gain and profit." (Doc. #2, at ¶34). Plaintiff's position as requested in No. 1 would be relevant to Plaintiff's claims against Defendant asserted in the Complaint.

Defendant also objects to this request as being publicly available online from the Florida Department of Financial Services, and that the information can be as easily obtained by the Plaintiff as by the Defendant. This assertion made by the Defendant is incorrect. Only the CRN is available online, the other information contained within Plaintiff's request is solely within the control of the Defendant and unavailable to Plaintiff. In addition, "Courts have unambiguously stated that this exact objection is insufficient to resist a discovery request. St. Paul Reinsurance Co. v. Commer. Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000); see, e.g., City Consumer Services v. Horne, 100 F.R.D. 740, 747 (D. Utah 1983) (stating that it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.") (citing Petruska v. Johns-Mannville, 83 F.R.D. 32, 35 (E.D. Pa. 1979)).

Accordingly, it is now

**ORDERED:**

Plaintiff's, Pepperwood of Naples Condominium Association, Inc.'s Motion to Compel (Doc. #19) is **GRANTED**.

(1)     Defendant shall produce documents responsive to Plaintiff's Second  Request for Production on or before **September 14, 2011.**

(2)     Defendant's request for attorneys fees, costs, and interest is **DENIED** at this time

subject to reconsideration if appropriate, including any failure to comply with this

Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record