**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PEPPERWOOD OF NAPLES CONDOMINIUM
ASSOCIATION, INC.,

                      Plaintiff,

-vs-                                          Case No.  2:10-cv-753-FtM-36SPC

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

                      Defendant.

_____

## ORDER

      This matter comes before the Court on Plaintiff's Motion to Compel Defendant to Provide Better Answers to Plaintiff's First Set of Interrogatories Served With the Complaint, and Incorporated Memorandum of Law in Support (Doc. #20) filed on August 16, 2011.  The Plaintiff is asking this Court to overrule Defendant's objections to and compel Defendant to provide better answers to Plaintiff's First Set of Interrogatories.  The Motion is now ripe for the Court's review.

## BACKGROUND

      In the Complaint, Plaintiff Pepperwood of Naples Condominium Association, Inc. alleges that in 2004 and again in 2005, Pepperwood's insured property, consisting of 5 two-story buildings with 64 units located in Naples, Florida, sustained substantial damages as a result of hurricane and/or hurricane force winds from Hurricane Wilma and ensuing damages. (Doc. #2, ¶8).  Nationwide was notified of the loss and began adjusting the claim in October 2005. Id. at ¶10. Nationwide acknowledged the loss was covered, but failed to promptly tender all insurance benefits. Id. at ¶13.

As a result, Pepperwood was required to retain the services of an insurance claim professional to assist in obtaining the owed insurance benefits. (Doc. #2, ¶14). Nationwide's failure to acknowledge full coverage and to promptly tender all insurance benefits resulted in Pepperwood incurring the expense of retaining a Public Adjuster to assist in submitting the insurance claim to Nationwide. Id.

On or about April 18, 2008, Pepperwood states because Nationwide refused to tender owed insurance benefits, Pepperwood demanded appraisal. Id. at ¶15. At that time, Nationwide had tendered approximately $30,270.20. Id. On May 19, 2010, a Final Appraisal Award was entered, awarding Pepperwood $1,901,645.06 (Replacement Cost) and $1,535,468.28 (Actual Cash Value). Id. On June 17, 2010, after the appraisal, Nationwide tendered an additional $1,391,675.64 in owed insurance benefits to Pepperwood. Id.

On or about November 8, 2010, Pepperwood filed its Complaint for Unfair Methods of Competition and Unfair or Deceptive Acts or Practices (Doc. #2). Pepperwood alleges that Nationwide breached the Insurance Policy covering Pepperwood's insured properties and the fair claims handling statutes. Id. at ¶¶18-21.

## DISCUSSION

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at

trial. <u>Oppenheimer Fund, Inc.</u> at 351.  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." <u>Id.</u>  "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" <u>Henderson v. Holiday CVS, L.L.C.</u>, 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).  "[T]he Federal Rules of Civil Procedure allow for broad discovery that does not need to be admissible at trial." <u>Martin v. Zale Delaware, Inc.</u>, 2008 WL 5255555, *2 (M.D. Fla. Dec. 25, 2008) (citing Fed. R. Civ. P. 26(b)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

<em><u>Plaintiff's First Set of Interrogatories</u></em>

On December 15, 2010, Plaintiff served its Second Request for Production on Nationwide. On June 3, 2011 - nearly six months later - Nationwide served its Verified Answers to Plaintiff's

First Set of Interrogatories.[1]  Plaintiff alleges that Nationwide failed to respond to almost every interrogatory, by either providing a non-responsive answer or providing baseless boilerplate objections or refusing to answer *in toto*.  Specifically addressed in its Motion, Plaintiff alleges that Nationwide failed and/or refused to respond, either in whole or in part, to the following interrogatories: 2, 2A, 2B, 3, 5, 5A, 7, 8, 8A, 9, 10, 10A, 11, 11A, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.  The Court will address each in turn:

**Interrogatory No. 2:**
State the name, address, telephone number and title of each person(s) who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967 Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida, and/or relevant knowledge of the claim, giving a brief description of their responsibilities regarding this matter. This interrogatory seeks the name of every employee of NATIONWIDE who had anything to do with the claim, including the adjusters, branch claims representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review committee or claims committee. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** No response individually was provided to Interrogatory No. 2.

**Interrogatory No. 2A:**
If any person [relevant individuals on the file] identified in the answer to the preceding Interrogatory has been promoted, demoted, or transferred during the time relevant herein, describe in detail the change in employment status of each such individual, including the circumstances of the person's employment before and after the change in status.

**Answer:** No response individually was provided to Interrogatory No. 2A.

---

[1]Initially, Nationwide had served unverified answers on March 25, 2011.

**Interrogatory No. 2B:**
> If any person identified in the answer to the preceding Interrogatory is no longer employed with NATIONWIDE, please state the date of separation, and the last-known residence address and telephone number or place of current employment of each such past employee.

> **Answer:** Objection. This interrogatory is overbroad with respect to scope where it refers to the identification of all individuals who had "any role" and the name of every employee of NATIONWIDE who had anything to do with the claim. Subject to this objection, and without waiver of the same, please see Exhibit "A" for those employees who investigated the subject claims, adjusted the subject claims, or managed such employees.

> All contact with Nationwide's employees or former employees shall be made only through the office of Nationwide's counsel of record in this matter.

Plaintiff points out that Nationwide did not provide the current or last known addresses and telephone numbers and/or the place of current employment of all its 30 listed fact witnesses on Exhibit A.  Nationwide has responded that it will permit contact with both current and former employees through Nationwide's counsel.  In its Brief, Nationwide indicates that all of the former employees listed in Exhibit A had a position of Senior Commercial Claims Representative or Manager, and as such, all were former employees "associated with" Nationwide, as that phrase was used in NAACP v. State of Florida, Dept. of Corrections, 122 F. Supp. 2d 1335 (M.D. Fla. 2000).

Clearly, Plaintiff has the right in discovery to speak with and depose former and current employees who were involved with and worked on the adjustment of the Pepperwood claims, if it so chooses.  The Court finds that Plaintiff is entitled to the current or last known addresses and telephone numbers for former and current employees.  The question though is whether this contact must be done through Nationwide's counsel.  Rule 4-4.2 of the Florida Rules of Professional Conduct regulates an attorney's communication with a person who is represented by counsel. Specifically, the Comment to Rule 4-4.2 provides that the rule prohibits communications by an

attorney for one party with persons having "managerial responsibility on behalf of the organization," and with any person who is represented by counsel concerning the matter in question.

> Both the American Bar Association and The Florida Bar Professional Ethics Committee have considered whether ex-parte communications by counsel with the former employees of the adverse party are appropriate and whether they violate the ethical rules of conduct for attorneys. In Formal Opinion 91-359, issued in 1991, the American Bar Association interpreted ABA Model Rule of Professional Conduct 4.2. In that opinion, the Committee found that the text of Rule 4.2 does not extend coverage to former employees and there was no basis for concluding that such coverage was anticipated. See ABA Comm. on Ethics and Professional Responsibility, Formal. Op. 91-359 (1991). Similarly, The Florida Bar Professional Ethics Committee considered Rule 4-4.2 and concluded that attorneys were not prohibited from contacting former employees of a defendant-employer without obtaining the permission of the defendant-employer or its attorney. See Fla. Bar Prof. Ethics Comm., Op. 88-14 (1989).

NAACP, 122 F. Supp. 2d at 1339-40 (footnote omitted) (noting that the Eleventh Circuit has not squarely addressed this issue, but the Florida Supreme Court has held that the professional conduct rule governing contact by attorneys with persons represented by counsel does not prohibit an attorney from communicating ex parte with former employees of the defendant-employer).  The court in NAACP went on to recognize and discuss "the possibility that a former employee of the Department, may be of the 'type' or 'level' of employee who had access to privileged or confidential communications, participated in decision-making activities, and/or worked with the attorneys representing the defendant." Id. at 1340.  The court recognized the "viable concern that there could be a Rule 801(d)(2)(d), Federal Rule of Evidence, admission by a party-opponent in the ex-parte communications of the Plaintiffs with the former employees" and therefore set forth guidelines for the plaintiffs and their counsel to follow when contacting former employees Id.  With regard to current employees, the Florida Supreme Court in H.B.A. Management, Inc. v. Estate of May Schwartz, held that "an attorney may not directly contact any person he or she knows is represented

by counsel concerning the dispute, not merely those who are named parties to the litigation. . . . current employees are covered by the rule even though they may not be formal parties in a court case." 693 So.2d 541, 545 (Fla. 1997).

In this case, the Court finds that Plaintiff's counsel may contact the former Senior Commercial Claims Representative(s) or Manager(s) who were involved with or worked on Pepperwood's claims, but must do so through Defense counsel.  Any other lower-level former employees may be contacted *ex parte* by Plaintiff's counsel, but Plaintiff's counsel must follow all applicable ethical guidelines when doing so.  In the event though that Defendant is representing any former employee as counsel, *ex parte* contact may not be made.[2]  With regard to contacting current employees, the Court finds that any contact with current employees must be made through Defense counsel.  Therefore, Plaintiff's Motion to Compel Interrogatories 2, 2A, and 2B is due to be granted subject to the limitations set forth above.

Finally, the Court notes that the Defendant reserved its objections and at least partially answered these interrogatories.  If an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, this court is reluctant to sustain the objection.  See Mann v. Island Resorts Development, Inc., 2009 WL 6409113 * 2 -3 (N.D. Fla. Feb. 21, 2009) (waiving the objection in the case where the party filed an objection and then answered the question in spite of the objection).  Although this seems to be an increasingly common approach to discovery, it raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection?  This

---

[2]There has been no assertion made by Nationwide thus far that it has provided counsel for its former employees that were involved in Pepperwood's claims adjustment.

court cannot logically conclude that the objection survives the answer.  Simply put, the rules do not on their face give a party that option. <u>Mann</u>, 2009 WL 6409113 at* 2 -3. Rule 34(b)(2), relating to request for production,  provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and *permit inspection of the rest.*  Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules. <u>Mann</u>, 2009 WL 6409113 at* 2 -3.  <u>See also</u> <u>Martin</u>, 2008 WL 5255555, at *2 (noting that "such an objection and answer preserves nothing and wastes the time and resources of the parties and the court").

Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands. <u>Mann</u>, 2009 WL 6409113 at* 2 -3; <u>Consumer Electronics Association v. Compras and Buys Magazine, Inc.</u>, 2008 WL 4327253 * 2 (S.D. Fla. Sept. 18, 2008) (holding that formulaic objections followed by an answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court, because such practice leaves the requesting Party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered); <u>Meese v. Eaton Manufacturing, Co.</u>, 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that a party who objects and then answers an interrogatory waives that objection); Wright, Miller & Marcus, <u>Federal Practice and Procedure: Civil</u> § 2173(stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.").

Furthermore, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. <u>Mann</u>, 2009 WL 6409113 at* 2 -3. Other courts have remarked that all a mixed response really says is the counsel does not know for

sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. <u>Mann</u>, 2009 WL 6409113 at* 2 -3.  The Court sets out the above to caution the Parties as to this practice in the future.

> **Interrogatory No. 3:**
> Describe comprehensively and in detail each and every way you believe that PEPPERWOOD violated and/or failed to comply with the terms or conditions of the insurance policy, including but not limited to, cooperate with NATIONWIDE'S investigation and adjustment of the loss, intentional concealment, omitted and/or misrepresented any material facts or circumstances.  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.
>
> **Answer:** The scope of the loss with respect to the buildings and structures involved was underreported by PEPPERWOOD.  Originally, claims were only made on Buildings B and E, and some related carports.  Subsequently, claims were opened on all 5 buildings at the request of PEPPERWOOD.  Additionally, the scope of loss and amount of the estimate presented by PEPPERWOOD during appraisal was overstated, and elements of the same were disallowed by the umpire.  The documents supporting these facts include, but are not limited to the claim files for the subject claims, and the appraiser's files regarding the same.  Pursuant to Federal Rules of Civil Procedure 33(d), the identification of individuals involved or other documents supporting this response can be derived or ascertained from the claim files being produced in response to the Plaintiffs' First Request for Production of Documents.

Pepperwood argues that the answer is too general without filling in any details and that it has a right to know how Pepperwood's estimate was "overstated."  Pepperwood also argues that Nationwide's answer does not provide it with the names of fact witnesses that would support Nationwide's answer.  Instead, Nationwide just indicated that the identification of the individuals supporting this response can be derived from the claims files produced to Pepperwood.  In support, Nationwide cites Federal Rule 33(d).  Federal Rule of Civil Procedure 33(d) reads:

      **(d)**     **Option to Produce Business Records**.  If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

      (1)    specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

      (2)    giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Federal Rule 33(d) is not a procedural device for avoiding the duty to provide information in response to an interrogatory.  Mullins v. Prudential Ins. Co. of America, 267 F.R.D. 504, 514 (W.D. Ky. 2010).  See also United States, ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 680-81 (E.D. Cal. 2006) ("Generally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers ... But where information is contained in business records and answering the question would require the responding party to engage in burdensome or expensive research, the responding party may answer by specifying the records from which the answer may be obtained and making them available for inspection by the party seeking discovery.") (citations omitted).  "A party who seeks to rely upon the Rule must not only certify that the answer may be found in the records referenced by it, but also 'must specify where in the records the answers [can] be found.'"  Mullins, 267 F.R.D. at 514.

      In this case, Nationwide simply said that the names of the individuals involved or documents supporting the response can be found in the claims files produced, but they do not point to specifically where in the claims files these names can be found.  This does not comply with Rule 33(d).  Further, the Court does not find that the burden of deriving this information will be

substantially the same for both parties as these are Nationwide claims files, and undoubtedly have information about where in the file the names of the individuals who handled the claims are located. Therefore, Nationwide's general reference to Rule 33(d) is insufficient.  In addition to the names, the interrogatory also requests the addresses and telephone numbers of the individuals as well as the identity of all documents that support or explain any of these facts.  The Court finds that this information is relevant and Plaintiff is entitled to this information.  But contact with these individuals is subject to the Court's ruling in regard to Interrogatory #2.  Otherwise, the Court finds that the answer to this interrogatory is sufficient.  Thus, the Motion to Compel this interrogatory is due to be granted in part and denied in part.  Nationwide shall provide the names, addresses, and phone numbers of those individuals who have information to support its answer to Interrogatory 3. Otherwise, Nationwide's response is sufficient.  But the motion to compel Interrogatory No. 3 is due to be denied to the extent it requests the identity of all documents that support or explain any of these facts as no showing of relevance to the request has been shown.

**Interrogatory No. 5:**

What reserve did NATIONWIDE originally set for PEPPERWOOD'S claims reported on or about October 24, 2005?  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts

**Answer:** No response individually was provided to Interrogatory No. 5.

**Interrogatory No. 5A:**

Did the reserve ever changed? *[sic]*  If so, when and why was the reserve changed and what amount was the reserve changed to?  State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

-11-

**Answer:** Pursuant to Federal Rule of Civil Procedure 33(d), the answer to the interrogatory can be derived or ascertained from the Reserve/Payment Detail reports within the claim files being produced in response to the Plaintiffs' First Request for Production of Documents.

Nationwide's responses and its briefing do not argue that Plaintiff is not entitled to the loss reserve amounts; rather, Nationwide argues that all of the reserve amounts can be located or ascertained from the documents Defendants have already produced in the claims files. Nationwide argues again pursuant to Federal Rule 33(d) that the burden of deriving this information from the produced claims files is substantially the same for Pepperwood as it is for Nationwide. The Court agrees. To comply with Rule 33(d), Nationwide must only provide Pepperwood with sufficient detail to enable Pepperwood to locate and identify the information as readily in the claims files as Nationwide could. In its Response, Nationwide does just that - it states that the reserve amounts are in the Reserve/Payment Detail Reports within the claims files.

Nationwide provides no explanation for not responding to the portion that requests the names and contact information for persons who have personal knowledge of the reserve amounts and to identify all documents that support or explain any of these facts. To the extent that Nationwide is relying on Federal Rule 33(d) in support of its failure to respond to this portion, the Court finds this insufficient. It is not clear whether the names of the individuals with knowledge of the loss reserve amounts is located in the Reserve/Payment Detail Reports or just generally in the claim fields themselves. Therefore, Nationwide shall provide this information to Pepperwood as it is insufficient to simply point to the claims files for this information. But contact with these individuals is subject to the Court's ruling in regard to Interrogatory #2. Therefore, the Motion to Compel this interrogatory is due to be granted in part and denied in part. Nationwide shall provide the names, addresses, and phone numbers of those individuals who have information to support its answer to

Interrogatories 5 & 5A, as well as to identify all documents that support or explain any of these facts; otherwise, Nationwide's response is sufficient.

**Interrogatory 7**:
Describe comprehensively each file that was opened, created, or maintained by NATIONWIDE relating in any way to the policy or the claim, including:

- the complete name or title of the file;
- the complete file number or other identifying designation
- its present custodian and physical location within NATIONWIDE; and
- its general purpose or business classification.

This interrogatory seeks the identification of each "claims file" and each "underwriting file" under whatever designation or description, and every copy or duplicate thereof which may exist within NATIONWIDE. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: Objection. This interrogatory is overbroad and seeks to invade the work product doctrine and the attorney-client privilege. Subject to this objection, and without waiver of the same, NATIONWIDE had several claim files relating to the subject claims made by PEPPERWOOD. There are claim files bearing the following claim numbers:

77 09 BP 343162 10242005 51
77 09 BP 343162 10242005 52
77 09 BP 343162 10242005 53
77 09 BP 343162 10242005 54
77 09 BP 343162 10242005 55

There is one underwriting file for the subject insurance policy.

Pursuant to Federal Rule of Civil Procedure 33(d), the identification of individuals with knowledge or documents supporting this response can be derived or ascertained from the claim files and underwriting file being produced in response to the Plaintiffs' First Request for Production of Documents.

It appears that the electronic claims files and the underwriting file have been produced to Pepperwood in response to Plaintiffs' First Request for Production of Documents. See Def. Response to Interrogatories 8A, *infra*. Pepperwood argues, and the Court agrees, that Nationwide

only partially answered this interrogatory. The information that Nationwide did not include, which the Court finds as relevant and discoverable, is the present custodian of the claims files for Pepperwood that are within Nationwide.  It is not clear that this information would be included in the claims files themselves pursuant to Federal Rule 33(d).  Defendant objects to this request as being overly broad in subject scope. "Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." Martin, 2008 WL 5255555, at *1.  Therefore, this objection is not well taken.

Nationwide also notes that some of the information sought by Pepperwood invades the attorney-client privilege.  If this is the case, Nationwide is *obligated* to provide Pepperwood with a privilege log setting forth this information.  The party invoking the privilege bears the burden of proof.  Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596, 599 (M.D. Fla 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." CSX Transportation, Inc., v. Admiral Insurance Co., 1995 WL 855421 *1 (M.D. Fla. July 20, 1995) (internal quotes omitted). Pursuant to Fed. R. Civ. P. 26(b)(3) & (5) this  evidence is generally provided through the use of a privilege log.  Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. Id. at *3.  More specifically, a proper privilege log should contain the following information:

(1) the name and job title or capacity of the author of the document;
(2) the name and job title or capacity of each recipient of the document;
(3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
(4) the title and description of the document;
(5) the subject matter addressed in the document;

(6) the purpose(s) for which it was prepared or communicated; and
(7) the specific basis for the claim that it is privileged.

*See* Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D.

Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

Therefore, the Motion to Compel this interrogatory is due to be granted in part and denied

in part. Nationwide shall provide the names, addresses, and phone numbers of those individuals who

have information to support its answer to Interrogatory 7, as well as to identify all documents that

support or explain any of these facts. Nationwide shall also provide the name and contact

information for the custodian of these claims files. Any other requests within the interrogatory are

denied as the Court finds that this information can be found in the claims files themselves.

**Interrogatory 8**:
State whether or not any information or data pertaining to the policy, the claim or the claims-handling or underwriting activities at issue in this litigation of NATIONWIDE or any reports, communications, or information relating to this matter in this litigation are maintained on any electronic media, such as computer data files, electronic mail, or any equivalent. If yes, state with specificity how they are maintained and where they are maintained. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: NATIONWIDE maintains the claim files and underwriting file identified in the response to Interrogatory #7 electronically, in a computer system accessible by appropriately authorized employees of NATIONWIDE.

**Interrogatory 8A:**
If the answer to preceding Interrogatory is yes, describe the contents of such electronically stored information, whether or not hard copies of such material exist, the custodian of such data, and the appropriate location within the company for retrieval of such data. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: The contents of the electronic claim files and underwriting file identified in the response to Interrogatory #7 are being produced in response to the Plaintiffs' First Request for Production of Documents.

No motion for protective order has been filed by Nationwide but Nationwide responds that it is producing the contents of the electronic claims files and underwriting file. But this interrogatory asks more than that. It not only asks whether the claims files are maintained electronically, but whether there is any information relating to the claims in this matter maintained on any electronic media, such as computer data files, e-mail, or any equivalent. Nationwide does not respond to this question, nor does it state the names, addresses, and telephone numbers of all persons who have personal knowledge in response to this interrogatory. Likewise, Nationwide did not include the name of the custodian of this data. Pepperwood is entitled to this information. Therefore, the Motion to Compel these interrogatories is due to be granted. Nationwide shall provide a complete response to all parts of this interrogatory. Nationwide shall provide the names, addresses, and phone numbers of those individuals who have information to support its answer to Interrogatory 8 and 8A, as well as to identify all documents that support or explain any of these facts. Nationwide shall also provide the name and contact information for the custodian of this electronically stored information.

**Interrogatory 9**:
Identify the person most knowledgeable at NATIONWIDE, including the title, function and address, who is responsible for determining, promulgating, and overseeing company policies and standard procedures for the administration, investigation, evaluation, determination, and payment of NATIONWIDE'S first party property and/or hurricane insurance claims in the State of Florida from 2004 through 2009.

**Answer**: NATIONWIDE is determining the most accurate response to this interrogatory and will supplement this response.

Pepperwood asserts that to date, Nationwide has not supplemented this response and it has been two months since Nationwide filed its Verified Answers. Nationwide's Brief asserts that it has supplemented its response to this interrogatory simultaneously with the service of their brief. Therefore, the motion to compel a response to this interrogatory is due to be denied as moot.

**Interrogatory 10**:
State with specificity every document containing statements of protocol, company guidelines, administrative bulletins, manual or handbook, inter-company memoranda or other document(s) of any kind, promulgated by NATIONWIDE and disseminated or distributed to its employees, relating to the standard, recommended, or expected procedures for the administration, investigation, evaluation, determination, and payment of first party property and/or hurricane claims in the State of Florida from 2004 through 2009. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: No response individually was provided to Interrogatory No. 10.  Refer to Plaintiff's argument with regard to Interrogatory No. 10(a) below.

**Interrogatory 10A:**
If the answer to the preceding Interrogatory is yes there are document(s), state:

-the complete title of such manual;
-the year of publication;
-the author or the department or individual responsible for its contents; and
-an appropriate custodian within the company who would have a current edition available for inspection.

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: Objection. This Interrogatory is overbroad in temporal and subject scope, is burdensome, harassing, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, and without waiver of the same, Nationwide is reviewing its claims manuals and guidelines in connection with its response to the Plaintiffs' First Request for Production of Documents, and will supplement the answer to this Interrogatory with the identification of all relevant documents after the entry of an appropriate protective order.

Pepperwood asserts that to date, Nationwide has not supplemented this response and it has been two months since Nationwide filed its Verified Answers.  Further, the Court notes that no motion for protective order has been filed by Nationwide in this case. Nationwide objects in its briefing that this request is overbroad in temporal scope as Pepperwood made its initial claim on

-17-

October 27, 2005, and appraisal was demanded in April 2008.  Therefore, Nationwide believes that the relevant time period for adjustment of this claim was between 2005 and 2008, and that the identification of documents in use from 2004 through 2009 is overbroad in temporal scope.  With respect to subject scope, Nationwide asserts that there is no limitation to windstorm claims on commercial property insurance policies in this request.  Subject to these objections, Nationwide states that it has offered to supplement its response after entry of an appropriate protective order regarding confidentiality.[3]

Given Nationwide's assertions that it will supplement its responses to Interrogatories 10 and 10A, this Court will direct the parties to meet and confer regarding the proposed protective order of confidentiality.  Once the protective order is entered, Nationwide is directed to supplement its response to Interrogatories 10 and 10A.  It appears though that even Nationwide's supplemental responses will be subject to the temporal and subject scope limitations that it believes apply, the Court finds it appropriate to rule on those two issues at this time.  As discussed above, Nationwide argues that the appropriate time frame for this claim is 2005-2008, and the materials should be limited to first-party commercial windstorm claims.  The Court agrees that the appropriate and relevant time frame for the purposes of these interrogatories and requests for production of documents is 2005-2008.  Pepperwood has not shown this Court that documents and training manuals used in 2004 and 2009 would be relevant to the adjustment of Pepperwood's claims at issue in this case.  Likewise, the Court finds that subject scope should be limited to first-party commercial windstorm claims as the request is overbroad because it could include theft claims, fire claims,

---

[3]Defendant asserts that it attached a proposed protective order of confidentiality as Exhibit 1 to its Brief for the Court's consideration (see Doc. #29, p. 8), but there was no attachment included to Doc. #29, or otherwise entered in CM/ECF.

sinkhole claims, or other first-party property claims that are not relevant to the damages in this matter.

Therefore, the Court will grant in part and deny in part the motion to compel with regard to these interrogatories at this time.  The motion to compel is granted to the extent that Nationwide shall supplement its responses to Interrogatories 10 and 10A after a protective order of confidentiality has been entered.  The motion to compel is denied to the extent that the responses are limited to the 2005-2008 timeframe and to first-party commercial windstorm claims.  Plaintiff may re-raise any objections it has to Nationwide's supplemental responses to Interrogatories 10 and 10A if needed in the future.  Nationwide is reminded that any responses should state the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts, as this information is relevant to Plaintiff's claims.

**Interrogatory 11**:
Identify the person most knowledgeable at NATIONWIDE including title, address and function, who is responsible for devising, implementing, and overseeing the training of adjusters, claims representatives, claims supervisors, or any other individual involved in first party property and/or hurricane claims-handling process within NATIONWIDE in the State of Florida from 2004 through 2009; and, who is the person(s) that trained the adjuster(s) who is responsible for PEPPERWOOD'S claim adjustment. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: No response individually was provided to Interrogatory No. 11.

**Interrogatory 11**A:
Describe comprehensively and in detail all training materials of any kind used by NATIONWIDE in training adjusters, claims representatives, claims supervisors, or any other individual involved with first party property and/or hurricane claims-handling process within NATIONWIDE in the State of Florida from 2004 through 2009.  State the name(s), address(es), and telephone number(s) of all persons

who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: Objection. This Interrogatory is overbroad in temporal and subject scope, is burdensome, harassing, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, and without waiver of the same, Nationwide is reviewing its training and course materials in connection with its response to the Plaintiffs' First Request for Production of Documents, and will supplement the answer to this Interrogatory with the identification of all relevant training courses after the entry of an appropriate protective order.

Pepperwood asserts that to date, Nationwide has not supplemented this response and it has been two months since Nationwide filed its Verified Answers. Further, the Court notes that no motion for protective order has been filed by Nationwide in this case. As discussed above with regard to Interrogatories 10 and 10A, the Court will grant in part and deny in part the motion to compel with regard to Interrogatories 11 and 11A at this time. The motion to compel is granted to the extent that Nationwide shall supplement its responses to Interrogatories 11 and 11A after a protective order of confidentiality has been entered. The motion to compel is denied to the extent that the responses are limited to the 2005-2008 timeframe and to first-party commercial windstorm claims. Plaintiff may re-raise any objections it has to Nationwide's supplemental responses if needed in the future. Nationwide is reminded that any responses should state the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts, as this information is relevant to Plaintiff's claims.

**Interrogatory 13**:
State with specificity all insurance proceed payments made by NATIONWIDE to the Plaintiff, including but not limited to:

-the date of payment(s);
-amount of payment(s);

-reason for payment(s);
-coverage under which payment(s) was being tendered;
-check number(s), and
-the documents and/or information NATIONWIDE utilized to support it makings
*[sic]* such payment(s).

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory can be derived or ascertained from the claim files being produced in response to the Plaintiffs' First Request for Production of Documents.

Nationwide points to the claims files that were produced to Pepperwood, and asserts the information responsive to this interrogatory are contained in the claims files, including entries showing the payments to Pepperwood, the date of each, and the identity of the individual requesting or approving the payment. Therefore, Nationwide argues that pursuant to Federal Rule 33(d) the burden of deriving the information from the produced business records is substantially the same for Pepperwood as it is for Nationwide. In its response, Nationwide simply said that the names of the individuals involved or documents supporting the response can be found in the claims files produced, but they do not point to specifically where in the claims files these names can be found. This does not comply with Rule 33(d). Nationwide shall provide a more complete response to this Interrogatory with information about where in the claims files this information is located. Nationwide shall also provide the names, addresses, and phone numbers of those individuals who have information to support its answer to Interrogatory 13, as well as to identify all documents that support or explain any of these facts. Therefore, the motion to compel is due to be granted with respect to Interrogatory No. 13.

**Interrogatory 15**:
As to the storage of NATIONWIDE'S data generated by the users of your computers (such as word-processed files, PDF files, and e-mail, etc.), please state whether the data is backed up on tape or other media? If so:

- How many such media currently exist with backup data on them?
- What is the maximum storage size in megabytes for each such media?
- What is the brand name for each such media?
- When was the last time each such media was backed up with data?
- What was the computer or other hardware (e.g., individual workstation, server) for each such backup?
- With respect to the immediately foregoing question, state the physical location and current user of each computer or other hardware listed.

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer**: Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Nationwide argues that at this time its electronic backup systems are irrelevant to this cause of action, and until such an issue arises, Nationwide's objections to this discovery should be sustained.  Pepperwood contends that it is attempting to determine the extent of electronic stored information ("ESI") discovery which is needed to determine whether a forensic computer expert must be retained.  The Court finds some of the information requested in this interrogatory is relevant and due to be provided by Nationwide.  Specifically, whether the data is backed up on tape or other media; and if so, how many such media currently exist with backup data on them, and what was the computer or other hardware (e.g., individual workstation, server) for each such backup.  But any answers provided by Nationwide are subject to the relevant timeframe discussed above (2005-2008) and to first-party commercial windstorm claims.  Nationwide shall also provide the names, addresses, and phone numbers of those individuals who have information to support its answer to

Interrogatory 15.  But the motion to compel Interrogatory No. 15 is due to be denied to the extent

it requests the identity of all documents that support or explain any of these facts as no showing of

relevance to the request has been shown.  Therefore, the motion to compel this information is

granted in part and denied in part with these limitations.

> **Interrogatory 16:**
> List with specificity all computer equipment provided by NATIONWIDE or used by employees/representatives[4] involved in the Plaintiff's claims handling of the insurance claim, including but not limited to laptops, PDA, voice mail, cellular telephone, hardware and/or peripherals attached to a computer such as computer cases [desktop, tower, portable/batteries, all-in-one], monitors, modems (internal or external), printers, keyboards, printers, scanners, mice (cord and cordless), pointing devices (joystick, touchpad, trackball) and speakers. Include description of equipment, serial number, all users for the period 2004 to 2009, and dates used, and all locations where the equipment was located for the same time period. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

> **Answer**: Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Nationwide objects to this interrogatory on relevancy grounds, also stating that it is overbroad

in time and scope.  The Court agrees to an extent.  The Court finds that *ONLY* the identification of

computer equipment and cell phones that were used by employees/representatives involved in the

Plaintiff's claims is relevant to Plaintiff's case.  All other devices the Court finds are irrelevant.

Therefore, Nationwide shall provide the requested information regarding these devices, as well as

provide the names, addresses, and phone numbers of those individuals who have information to

support its answer to Interrogatory 16.  But the motion to compel Interrogatory No. 16 is due to be

---

[4] Employees/representatives are defined throughout these interrogatories as anyone who had any role, excluding clerical, in working on or adjusting the insurance claim(s) of PEPPERWOOD.

denied to the extent it requests the identity of all documents that support or explain any of these facts as no showing of relevance to the request has been shown.   Further, any answer provided by Nationwide is subject to the relevant timeframe discussed above (2005-2008) and to first-party commercial windstorm claims. Therefore, the motion to compel this information is granted in part and denied in part with these limitations.

> **Interrogatory 17:**
> List with specificity all operating systems (including but not limited to UNIX, Windows, DOS, Linux and PDA operating systems) installed on all computers used by NATIONWIDE, the specific equipment the OS was installed on and the period during which it was installed on the specific equipment. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.
>
> **Answer:** Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Nationwide argues this request is overbroad and irrelevant as there is no limitation on the time frame, no limitation on the geographic scope of equipment, and no limitation to the employees somehow related to the Pepperwood claims.   The Court agrees but finds that this information is relevant to Pepperwood's ESI discovery.   Therefore, the motion to compel this interrogatory is due to be granted in part and denied in part.   Nationwide shall provide a response to this interrogatory, but it is limited to the 2005-2008 timeframe and limited to information regarding computers of employees who worked on Pepperwood's claims, as well as provide the names, addresses, and phone numbers of those individuals who have information to support its answer to Interrogatory 17.   But the motion to compel Interrogatory No. 17 is due to be denied to the extent it requests the identity of all documents that support or explain any of these facts as no showing of relevance to the request has been shown.

-24-

**Interrogatory 18:**
Does NATIONWIDE have any graphic representation of the components of your telephone and voice messaging system, and the relationship of those components to each other, including but not limited to flow charts, videos or photos, and diagrams? If so, where are the documents located? Include logical paths for electronic documents. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** Objection. This interrogatory is overbroad in temporal, subject and geographic scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information regarding core information security issues, which have no impact on claims handling, but which could compromise the security of NATIONWIDE's information systems.

Nationwide objects to this interrogatory, citing security concerns and that the release of this sensitive telecommunication information could compromise the security of Nationwide's information system by exposing network details to people who could exploit such information. The Court finds that this interrogatory is due to be denied as it is overbroad and irrelevant as stated. The Court could see how information regarding call systems used by Nationwide would be relevant, but this request moves afield of what the Court would consider relevant in this regard.

**Interrogatory 19:**
List with specificity all telephone equipment provided by NATIONWIDE or used by employees/representatives involved in the Plaintiff's insurance claim to perform work for NATIONWIDE, including but not limited to desktop telephones, cell phones, pagers, PDA and laptop modems, calling cards, telephony *[sic]* software and contact management software. Include description of equipment and software, serial number, all users for the period of 2004 to 2009, inclusive and dates used, and all locations where the equipment was located for the time period inclusive. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Nationwide objects to this interrogatory on relevancy grounds and that it is overbroad, citing that there is no connection between the model and serial number of a telephone used by a Nationwide employee and the handling of the Pepperwood claims. The Court agrees that the description of the equipment and serial number would be overbroad, but finds that Nationwide is entitled to know what telephone equipment was used by Nationwide employees and representatives who worked on the Pepperwood claims. The Court will further limit the scope to the 2005-2008 timeframe and is limited to those Nationwide employees/representatives involved in the Plaintiff's insurance claims. Therefore, the motion to compel this interrogatory is due to be granted in part and denied in part. Nationwide shall provide a response to this interrogatory, subject to these limitations, as well as provide the names, addresses, and phone numbers of those individuals who have information to support its answer to Interrogatory 19. But the motion to compel Interrogatory No. 19 is due to be denied to the extent it requests the identity of all documents that support or explain any of these facts as no showing of relevance to the request has been shown.

**Interrogatory 20:**
Do any employees/representatives involved in the Plaintiff's insurance claim subscribe to or participate in Internet newsgroups or chat groups in the course of their employment? If so, list all users and the services that they subscribe to or participate in. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Pepperwood has provided the Court with little, if any, argument on why this specific information is relevant and the Court fails to see how it is relevant. Therefore, the motion to compel a response to this interrogatory is due to be denied.

**Interrogatory 21:**
Do any employees/representatives involved in the Plaintiff's insurance claim use portable devices in the course of their employment that are not connected to NATIONWIDE'S network, and that are not backed up or archived? If so, list with specificity all users and the devices they use. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, and without waiver of the same, during the pendency of these claims, some of NATIONWIDE'S employees use hand held voice recorders.

Nationwide answered the interrogatory, subject to objection, stating that some of its employees use voice recorders, but argue that the model and serial number of the same have no relevance to this lawsuit. The Court notes though that this interrogatory does not specifically ask for models and serial numbers, but asks if these portable devices are backed up or archived and asks for the identity of persons with knowledge of these facts. The Court finds that this information is relevant and directs Nationwide to supplement its response but subject to the 2005-2008 timeframe. Therefore, the motion to compel this interrogatory is due to be granted in part and denied in part, as the Court will limit the response to this relevant timeframe. Nationwide shall provide a response to this interrogatory, subject to these limitations, as well as provide the names, addresses, and phone numbers of those individuals who have information to support its answer to Interrogatory 21. But the motion to compel Interrogatory No. 21 is due to be denied to the extent it requests the identity all documents that support or explain any of these facts as no showing of relevance to the request has been shown.

**Interrogatory 22:**
Does NATIONWIDE provide Internet access for any of its employees/representatives involved in the Plaintiff's insurance claim or has NATIONWIDE done so at any time during the period from 2005 to 2009 inclusive? If so, list:

-the employees who had Internet access;
-the Internet service provider (ISP) used;
-describe the method(s) used to connect to the Internet;
-describe any restrictions on, controls over or monitoring of employee use of Internet resources.

State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, and without waiver of the same, during the pendency of these claims, NATIONWIDE employees had internet access.

Pepperwood has provided the Court with little, if any, argument on why this specific information is relevant and the Court fails to see how it is relevant. Therefore, the motion to compel a response to this interrogatory is due to be denied.

**Interrogatory 23:**
Provide a list of any and all Internet-related data on the PCs used by NATIONWIDE'S employees/representatives involved in the Plaintiff's insurance claim, including but not limited to saved Web pages, lists of Web sites, URL addresses, Web browser software and settings, bookmarks, favorites, history lists, caches, cookies. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** Objection. This interrogatory is overbroad in temporal and subject scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Pepperwood has provided the Court with little, if any, argument on why this specific information is relevant and the Court fails to see how it is relevant. Therefore, the motion to compel a response to this interrogatory is due to be denied.

**Interrogatory 24:**
Does NATIONWIDE have any graphic representation of the components of your computer network, and the relationship of those components to each other, including

but not limited to flow charts, videos or photos, and drawings? Include network topology documents and network schemas in your response, and if so, where are the documents located? Include logical paths and physical locations for electronic representations. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**Answer:** Objection. This interrogatory is overbroad in temporal, subject and geographic scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information regarding core information security issues, which have no impact on claims handling, but which could compromise the security of NATIONWIDE's information systems.

Nationwide objects to this interrogatory, citing mostly security concerns, arguing that the release of this sensitive information could compromise the security of Nationwide's information systems by exposing network details to people who could exploit such information. Nationwide's objections are well taken. Even though the entry of a protective order will protect any confidential or sensitive information that is released, the information must still be relevant in order for the Court to order that it be produced in the first place. Given such a broad request, Pepperwood has provided the Court with little, if any, argument on why this specific information is relevant and the Court fails to see how it is relevant. Therefore, the motion to compel a response to this interrogatory is due to be denied.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiff's Motion to Compel Defendant to Provide Better Answers to Plaintiff's First Set of Interrogatories Served With the Complaint, and Incorporated Memorandum of Law in Support (Doc. #20) is **GRANTED** in part and **DENIED** in part.

(a)     Plaintiff's Motion to Compel Interrogatory Nos. 2, 2A, 2B, 8, 8A, and 13 is **GRANTED**.

(b)     Plaintiff's Motion to Compel Interrogatory Nos. 3, 5, 5A, 7, 10, 10A, 11, 11A, 15, 16, 17, 18, 19, and 21 is **GRANTED in part and DENIED in part**. Nationwide's deadline to respond to Interrogatories 10, 10A, 11, 11A, and 18 shall be **two (2) weeks** following this Court's entry of a protective order of confidentiality.

(c)     Plaintiff's Motion to Compel Interrogatory No. 9 is **DENIED AS MOOT**.

(d)     Plaintiff's Motion to Compel Interrogatory Nos. 18, 20, 22, 23, and 24 is **DENIED**.

(2)     Nationwide shall provide responses to the interrogatories that do not require the entry of a protective order of confidentiality in accordance with this Order on or before **October 30, 2011**. If Nationwide asserts that any documents are privileged, a proper privilege log shall be produced by this date.

(3)     The Parties are required to meet and confer regarding a proposed protective order of confidentiality.  The Parties are directed to submit the proposed protective order of confidentiality to this Court for its consideration on or before **September 27, 2011.**  The Parties are further directed to submit a Microsoft Word version of the proposed protective order of confidentiality to the undersigned at chambers_flmd_chappell@flmd.uscourts.gov.

(4)     Defendant's request for attorneys fees, costs, and interest is **DENIED** at this time

subject to reconsideration if appropriate, including any failure to comply with this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of September, 2011.


SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE



Copies: All Parties of Record