PEPPERWOOD OF NAPLES CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

-vs-                                Case No.  2:10-cv-753-FtM-36SPC

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

        Defendant.

_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Defendant to Provide Better Responses to Plaintiff's First Request for Production Served With the Complaint (Doc. #23) filed on August 17, 2011.  Defendant filed its Response in Opposition to Plaintiff's Motion to Compel Defendant to Provide Better Responses to Plaintiff's First Request for Production (Doc. #30) on September 9, 2011.  The Plaintiff is asking this Court to overrule Defendant's objections to and compel Defendant to provide better answers to Plaintiff's First Request for Production of Documents.  The Motion is now ripe for the Court's review.

## BACKGROUND

In the Complaint, Plaintiff Pepperwood of Naples Condominium Association, Inc. alleges that in 2004 and again in 2005, Pepperwood's insured property, consisting of 5 two-story buildings with 64 units located in Naples, Florida, sustained substantial damages as a result of hurricane and/or hurricane force winds from Hurricane Wilma and ensuing damages. (Doc. #2, ¶8).  Nationwide was

notified of the loss and began adjusting the claim in October 2005. Id. at ¶10. Nationwide acknowledged the loss was covered, but failed to promptly tender all insurance benefits. Id. at ¶13.

As a result, Pepperwood was required to retain the services of an insurance claim professional to assist in obtaining the owed insurance benefits. (Doc. #2, ¶14). Nationwide's failure to acknowledge full coverage and to promptly tender all insurance benefits resulted in Pepperwood incurring the expense of retaining a Public Adjuster to assist in submitting the insurance claim to Nationwide. Id.

On or about April 18, 2008, Pepperwood states because Nationwide refused to tender owed insurance benefits, Pepperwood demanded appraisal. Id. at ¶15. At that time, Nationwide had tendered approximately $30,270.20. Id. On May 19, 2010, a Final Appraisal Award was entered, awarding Pepperwood $1,901,645.06 (Replacement Cost) and $1,535,468.28 (Actual Cash Value). Id. On June 17, 2010, after the appraisal, Nationwide tendered an additional $1,391,675.64 in owed insurance benefits to Pepperwood. Id.

On or about November 8, 2010, Pepperwood filed its Complaint for Unfair Methods of Competition and Unfair or Deceptive Acts or Practices (Doc. #2). Pepperwood alleges that Nationwide breached the Insurance Policy covering Pepperwood's insured properties and the fair claims handling statutes. Id. at ¶¶18-21.

## DISCUSSION

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial.  Oppenheimer Fund, Inc. at 351.  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries."  Id.  "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'"  Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).  "[T]he Federal Rules of Civil Procedure allow for broad discovery that does not need to be admissible at trial."  Martin v. Zale Delaware, Inc., 2008 WL 5255555, *2 (M.D. Fla. Dec. 25, 2008) (citing Fed. R. Civ. P. 26(b)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

*Plaintiff's First Request for Production of Documents*

On December 15, 2010, Plaintiff served its First Request for Production on Nationwide. On March 25, 2011, Nationwide served its Response. No documents were produced at this time, however, Nationwide stated it would produce documents. On June 3, 2011 - nearly six months after Plaintiff had served its Requests - Nationwide served its Supplemental Response to Pepperwood's First Request for Production, attaching a four-page privilege log with 24 separate entries as "Exhibit A." (Doc. #23-3). Nationwide has produced documents on a DVD that contain ten separate PDF files, totaling 11,236 pages.

Plaintiff alleges that Nationwide failed and/or refused to respond by not providing any relevant or material evidence and/or information responsive to the certain requests for production. Specifically addressed in its Motion, Plaintiff alleges that Nationwide failed and/or refused to respond to the following requests for production in Plaintiff's First Request for Production of Documents: 2, 4, 6, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, and 39. The Court will address each in turn:

> **Request for Production No. 2 states:** Copies of all documentation, of whatever kind or nature, in your possession, custody or control (excluding privileged or protected documents) concerning prior or subsequent insurance claim(s) made by NATIONWIDE'S insured, PEPPERWOOD, to either NATIONWIDE or some other insurance carrier regarding its claim of loss, including but not limited to, copies of any insurance policies, recorded statements, documentation of the claim such as proofs of loss, reports or memoranda by the insurance adjuster regarding the extent of damage and the reasons for payment or denial of the claim and copies of any and all letters to or from the insurance carrier which deny the claim, address the claim, or propose no coverage, as well as copies of all correspondence to or from the insured regarding the claim(s).

> **Response**: Objection. This Request is vague regarding "prior or subsequent insurance claims . . . regarding its claim of loss." Additionally, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Pepperwood argues that the information is relevant because Nationwide has asserted in this litigation that the damages to the Pepperwood buildings were pre-existing and therefore not covered losses. Pepperwood would use the documentation provided in response to this Request to show that Nationwide knew that claimed damages were true and proper hurricane wind damage that should have been timely paid. In other words, Pepperwood is trying to show that there are no other claims that were filed for the damages that are the subject of this litigation prior to Hurricane Wilma. Nationwide further argues in its briefing that as this Request reads, it seems to seek documents regarding a prior or subsequent Pepperwood claim arising from the insurance claim that is the subject of this litigation. Nationwide argues that Pepperwood does not request, as Pepperwood suggests in its Motion, any other claims that Pepperwood made to Nationwide on other matters. Nationwide's objections are well taken. This Request is ambiguous and vague as to whether documentation regarding the claims at issue in this litigation is sought or documentation regarding other claims. Therefore, Plaintiff's Motion to Compel this Request is due to be denied.

> **Request for Production No. 4 states:** Copies of all correspondence, notices, reports or other communications between you and your representatives and PEPPERWOOD or its representatives regarding the hurricane damage at PEPPERWOOD'S insured property located at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967 Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida.

> **Response**: Please see the documents produced in response to Request #1.[1]

Pepperwood argues that Nationwide has withheld 24 categories of documents under a claim of either attorney-client privilege or work product protection. On June 3, 2011, Nationwide served

---

[1] Nationwide's response to Request No. 1 was as follows: "The claim files (excluding privileged and protected documents) are being scanned and Bates Numbered, and upon return from the undersigned's vendor will be forwarded under separate cover along with a Privilege Log identifying any redactions."

its Verified Answers to Plaintiff's First Set of Interrogatories wherein its answer to Interrogatory No. 4 asserted that it anticipated litigation in the contract case on September 16, 2008, and in the bad faith case on December 11, 2008. Pepperwood argues that all information and/or documentation in existence before the date of anticipation of litigation in the bad faith case (December 11, 2008) must be produced by Nationwide if not listed in the privilege log. And all documents listed on the privilege log after December 11, 2008, may be discoverable if good cause is shown.

The elements of the attorney-client privilege are: (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived. Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 690 (M.D. Fla. 2005) (quoting International Telephone and Telegraph Corp. v. United Telephone Co., 60 F.R.D. 177, 184-85 (M.D. Fla. 1973)). The attorney-client privilege is only available when all the elements are present. Universal City Development Partners, Ltd., 230 F.R.D. at 690 (citing Provenzano v. Singletary, 3 F. Supp. 2d 1353, 1366 (M.D. Fla. 1999) aff'd, 148 F.3d 1327 (11th Cir. 1998)). The party asserting the privilege has the burden of proving the existence of the privilege. United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991). The privilege extends to communications from an attorney to his client, as well as the reverse. Knights Armament Co. v. Optical Systems Technology, Inc., 2009 WL 331608 *2 (M.D. Fla. Feb. 10, 2009) (citing U.S. v. Pepper's Steel & Alloys, Inc., 1991 WL 1302864 * 3 (S.D. Fla. Mar.19, 1991)).

Nationwide asserts that none of the items listed on its privilege log identify documents evincing any communication between Nationwide and Pepperwood. Rather, all of the items on the

privilege log identify communication between Nationwide and its underlying defense counsel, or notes regarding defense strategy, that are protected. Nationwide further asserts that all of the entries on the privilege log (Doc. #23-3) are dated after December 11, 2008 - the date it anticipated litigation in the bad faith case. Therefore, Nationwide is objecting to the production of the documents that were not produced and to the production of the redactions that are listed in the privilege log. It also argues that before any production is ordered to take place, the Court should conduct an *in camera* inspection of the redacted pages.

It has been noted that since the Florida Supreme Court's holding in <u>Allstate Indem. Co. v. Ruiz</u>, 889 So.2d 1121 (Fla. 2005), that "it is clear that Florida recognizes no privilege or limitation with respect to claim file materials in such an action." <u>Cozort v. State Farm Mutual Auto Ins. Co.</u>, 233 F.R.D. 674, 676 (M.D. Fla. 2005). In <u>Cozort</u>, the court went on to make key findings and conclusions with regard to discovery of privileged and work product materials in the context of a bad faith case that the Court finds applicable in the instant case:

> The Court agrees with the Florida Supreme Court that, in the context of bad faith actions, the only evidence of the claim itself is the entire claim file, including the impressions and advice of counsel. This meets the substantial need and undue hardship tests, sufficient to require production over an assertion of work product immunity.
>
> ***
>
> For the same reasons set forth by the Florida Supreme Court in *Ruiz*, this Court holds that the mental impressions of State Farm's counsel are directly at issue here, and thus, exceptional circumstances justify invading the opinion work product immunity pertaining to any such documents created as part of the coverage litigation.
>
> ***
>
> With respect to assertions of attorney-client privilege, State Farm fares no better . . . . The Florida court used broad language to clarify that 'all materials' must be produced. 'All materials' necessarily includes materials between the insurance company and its counsel regarding coverage issues. Thus to the extent *Ruiz* implicates a claim of attorney-client privilege, Ruiz is applicable in this diversity suit under FRE 501. As such, Plaintiff is entitled to production of all claim file or

litigation file materials pertaining to coverage issues, despite State Farm's assertion
of attorney-client privilege.

Cozort, 233 F.R.D. at 676-77. Thus, the court in Cozort directed State Farm to produce all claim

file documents or litigation file materials pertaining to the coverage dispute - including those alleged

to be protected by the work product doctrine and attorney-client privilege - and was directed to

submit an amended privilege log with respect to documents relating solely to the bad faith lawsuit.

Id. at 677. See also Mayfair House Assoc., Inc. v. QBE Ins. Corp., 2010 WL 472827, *3 (S.D. Fla.

Feb. 5, 2010) ([I]n *Ruiz*, the Florida Supreme Court effectively eliminated the attorney client

privilege as a discovery shield in bad faith insurance litigation between an insured and its insurance

company with respect to all materials generated prior to resolution of the underlying disputed

matter.").

In this case, the Court has reviewed the privilege log submitted by Nationwide. (Doc. #23-3).

It appears that out of the thousands of pages that were produced by Nationwide to Pepperwood, very

few pages were redacted. The Court notes that even though there was no underlying lawsuit filed

with regard to coverage with regard to Pepperwood's claims, there was a period of time during which

coverage was disputed. Pepperwood had made its claim in October 2005, and there was a period of

time when Nationwide was investigating and adjusting the claim, and the appraisal period,

culminating in an appraisal award being issued in 2008. This lawsuit was filed on November 11,

2010. Based on the Florida Supreme Court's holding in Ruiz and the court's findings in Cozort, this

Court finds that Nationwide's claims of privilege and work product protection with regard to

documents generated *prior to* the filing of this bad faith lawsuit - the period during which coverage

was disputed - are not well taken and these documents in unredacted form are due to be produced

to Pepperwood.[2]  As Nationwide may be entitled to assert the attorney-client privilege and work product protection for documents created after this lawsuit was filed, the Court will conduct an *in camera* review of documents on the privilege log that are dated after the filing of this lawsuit, specifically NATIONWIDE-000010, 000011, and 000012, in order to determine the objections are proper.  Therefore, Plaintiff's Motion to Compel this request is due to be granted in part and denied in part.

> **Request for Production No. 6 states:**  Copies of all documents in your possession, custody, or control (excluding privileged or protected documents) relating to PEPPERWOOD'S insured property located at 4955 Pepper Circle B, 4693 Rattlesnake Hammock Road D, 4967 Rattlesnake Hammock Road E, 4957 Pepper Circle C, and 4973 Pepper Circle F, Naples, Collier County, Florida, which is the subject matter of this litigation including but not limited to: photographs, videotapes, photographic and videotape logs related to such photographs or videotapes, sketches, drawings, field notes, reports relied upon by you, reports prepared by you or prepared for you or on behalf of NATIONWIDE regarding PEPPERWOOD'S October 24, 2005, claim and/or hurricane damage.

> **Response**: Please see the documents produced in response to Request #1.  Objection. This Request is vague with respect to temporal scope. Subject to this objections, and without waiver of the same, please see the documents produced in response to Request #1.  Additionally, the files of Nationwide's appraiser (excluding privileged and protected documents) are being scanned and Bates Numbered, and upon return from the undersigned's vendor will be forwarded under separate cover along with a Privilege Log identifying any redactions.

Pepperwood argues that any documents withheld from the appraiser's file should be produced.  Pepperwood explains that no documents related to Nationwide's appraiser - Jose Palacios with Peninsula Insurance Bureau, a third party - are listed on the privilege log.  The Court notes that even though no documents related to Nationwide's appraiser are listed on the privilege log, the

---

[2]Specifically, these would be bates numbered documents: NATIONWIDE-000061, 000063, 000072, 000117, 000328, 000330, 000331, 000332, 000336, 000421, 000423, 000424, 000429, 000495, 000497, 000498, 000504, 000590, 000592, 000593, 000598, and 000834 (Doc. #23-3).

appraiser's file was produced, which totaled approximately 9,726 pages. (Doc. #23-3, p. 2). Therefore, it appears that Nationwide is not withholding or redacting any information from the appraiser's file based on privilege and/or work-product doctrine. Indeed, Nationwide asserts in its briefing that any document that is responsive to this Request would be contained in the claims files and/or appraiser's file that were produced and that no documents responsive to this Request were withheld. The items listed on the privilege log (Doc. #23-3) were all from <u>Nationwide's</u> claims files, not from the appraiser's file, and the propriety of those objections are discussed by the Court with regard to Request No. 4. Therefore, Pepperwood's objections to Nationwide's response to this Request is not well taken and the Motion to Compel this Request is due to be denied.

> **Request for Production No. 24 states:** With respect to Interrogatory No. 18, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

> **Response**: Not applicable in light of the objections made to Interrogatory #18. Moreover, NATIONWIDE objects to the disclosure of any documents containing information regarding core information security issues, which have no impact on claims handling, but which could compromise the security of NATIONWIDE'S information systems, on the basis of internal security, confidential information, and trade secret.

The Court previously denied Plaintiff's Motion to Compel Interrogatory No. 18 by Order dated September 20, 2011 (Doc. #35). Therefore, the Motion to Compel Request No. 24 is due to be denied.

> **Request for Production No. 25 states:** With respect to Interrogatory No. 19, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

> **Response**: Not applicable in light of the objections made to Interrogatory #19.

The Court previously granted in part and denied in part Plaintiff's Motion to Compel Interrogatory No. 19 by Order dated September 20, 2011 (Doc. #35). Therefore, the Motion to Compel Request No. 25 is due to be granted in part and denied in part subject to the Court's findings regarding that interrogatory.

**Request for Production No. 26 states:** With respect to Interrogatory No. 20, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

**Response**: Not applicable in light of the objections made to Interrogatory #20.

The Court previously denied Plaintiff's Motion to Compel Interrogatory No. 20 by Order dated September 20, 2011 (Doc. #35). Therefore, the Motion to Compel Request No. 26 is due to be denied.

**Request for Production No. 27 states:** With respect to Interrogatory No. 21, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

**Response**: Not applicable in light of the objections and response made to Interrogatory #21.

The Court previously granted in part and denied in part Plaintiff's Motion to Compel Interrogatory No. 21 by Order dated September 20, 2011 (Doc. #35). Therefore, the Motion to Compel Request No. 27 is due to be granted in part and denied in part subject to the Court's findings regarding that interrogatory.

**Request for Production No. 28 states:** With respect to Interrogatory No. 22, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

**Response**: Not applicable in light of the objections and response made to Interrogatory #22.

The Court previously denied Plaintiff's Motion to Compel Interrogatory No. 22 by Order dated September 20, 2011 (Doc. #35). Therefore, the Motion to Compel Request No. 28 is due to be denied.

**Request for Production No. 29 states:** With respect to Interrogatory No. 23, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

**Response**: Not applicable in light of the objections made to Interrogatory #23.

The Court previously denied Plaintiff's Motion to Compel Interrogatory No. 23 by Order dated September 20, 2011 (Doc. #35). Therefore, the Motion to Compel Request No. 29 is due to be denied.

**Request for Production No. 30 states:** With respect to Interrogatory No. 20, served concurrently with this Request for Production of Documents, produce any and all documents or records, in whatever form, which you base your response to this Interrogatory.

**Response**: Not applicable in light of the objections made to Interrogatory #24. Moreover, NATIONWIDE objects to the disclosure of any documents containing information regarding core information security issues, which have no impact on claims handling, but which could compromise the security of NATIONWIDE'S information systems, on the basis of internal security, confidential information, and trade secret.

The Court previously denied Plaintiff's Motion to Compel Interrogatory No. 24 by Order dated September 20, 2011 (Doc. #35). Therefore, the Motion to Compel Request No. 30 is due to be denied.

**Request for Production No. 31 states:** Copy of the complete paper and electronic claim file, cover to cover, from the home office, regional and local (including "field"

file) regarding the claim that is the subject of this matter (excluding attorney-client privileged and/or work product protected documents), including but not limited to:

**Response**: Objection. This Request (and all of its subparts) is harassing and burdensome with respect its request for the "complete paper and electronic claim file, cover to cover, from the home office, regional and local (including field file)." Subject to this objection, and without waiver of the same, please see the documents produced in response to Request #1.

a. All letters, memoranda and other forms of written or computerized communication to or from any employee of Defendant, NATIONWIDE, relating in any way to the processing of the claim at issue in this action;

**Response**: Please see the documents produce din response to Request #1.

b. All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant, NATIONWIDE, relating in any way to the processing of the claim at issue in this action;

**Response**: Please see the documents produced in response to Request #1.

c. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, NATIONWIDE, and Plaintiff relating in any way to the claim at issue in this action;

**Response**: Please see the documents produced in response to Request #1.

d. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, NATIONWIDE, and any third party relating in any way to the claim at issue in this action;

**Response**: Please see the documents produced in response to Request #1.

e. All written or computerized records of any investigation conducted in connection with the claim at issue in this action;

**Response**: Please see the documents produced in response to Request #1.

f. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant, NATIONWIDE, relating in any way to the decision to deny Plaintiffs claim;

**Response**: Please see the documents produced in response to Request #1.

g. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant, NATIONWIDE, relating in anyway to the decision to deny Plaintiffs claim;

**Response**: Please see the documents produced in response to Request #1.

h. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, NATIONWIDE, and any third party relating in any way to the decision to deny Plaintiffs' claim;

**Response**: Please see the documents produced in response to Request #1.

i. All other written or computerized documents pertaining to the claim at issue in this litigation;

**Response**: Please see the documents produced in response to Request #1.

j. The file folders in which the preceding documents are kept;

**Response**: Objection. This Request is harassing and burdensome with respect its request for the "file folders."

k. Reports and correspondence;

**Response**: Please see the documents produced in response to Request #1.

l. Tapes—video and audio;

**Response**: None are known to exist at this time.

m. Photographs—original negatives.

**Response**: Please see the documents produced in response to Request #1 with respect to photographs. No original negatives are known to exist at this time.

Nationwide again asserts that all of the information requested here is included in the Pepperwood claims files and adjuster's file that have already been produced to Pepperwood. It appears that these files have been produced in electronic form. Pepperwood's only basis for compelling a response to this Request is the arguments it made in support of Requests Nos. 4 and 6, above. With regard to these Requests, Pepperwood seeks disclosure of the redacted portions of the claims files and documents allegedly withheld from Nationwide's appraiser's file. As discussed above, Nationwide is not withholding or redacting any information from the appraiser's file based on privilege and/or work-product doctrine and the privilege log complies with the rules regarding the proper information to be included in a privilege log and that based on the assertions made by defense counsel, the information redacted was dated after litigation was anticipated in this matter and involved communications with defense counsel regarding strategy. Therefore, Plaintiff's Motion to Compel this request is due to be denied.

**Request for Production No. 33 states:** All first property claims manuals – printed or electronic, bulletins, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims mangers, claims supervisors, or any other person acting on behalf of Defendant, NATIONWIDE, in the handling of first party real property and/or hurricane claims in the State of Florida from the years of 2004 through 2009, that refer or relate in any way to the handling

of claims generally or to the handling of claims of like character to the claim at issue in this action, including, without limitation:

a. The documents reflecting NATIONWIDE claim settlement policies as they existed at the time PEPPERWOOD submitted its October 24, 2005 claim;

b. The documents reflecting any subsequent changes of policy;

c. Hurricane loss handling procedures;

d. Supervisor's and manager's manuals in first party real property and/or hurricane cases in the state of Florida;

e. "Historical" copies and procedures to retain them.

**Response**: Objection. This Request is overbroad in both subject and temporal scope. This Request is vague with respect to subpart e. Moreover, this Request seeks proprietary, confidential and trade secret protected materials. Subject to these objections, and without waiver of the same, NATIONWIDE will produce documents responsive to this Request that were effective during the pendency of PEPPERWOOD'S claim upon the entry of an appropriate protective order.

Nationwide's objection with respect to temporal scope is well taken as this Court has previously determined that the relevant timeframe is 2005-2008. (Doc. #35, p. 19). With regard to subject scope, the Court agrees that there is no limitations on the documents that have been requested, as the Request does not simply request first property claims manuals, it requests any other printed or electronic bulletins, memoranda, directives, letters, and other forms of written or computerized communicated directed to claims personnel, claims managers, claims supervisors, or any other person . . . that refer or relate in any way to the handling of claims generally. Additionally, this Request is not limited to commercial windstorm claims.

The Court agrees that this request is overbroad. Therefore, the Court limits this request to applicable claims manuals regarding commercial windstorm claims for the 2005-2008 timeframe in the State of Florida. These documents do not need to be produced though until the Court has entered

a protective order of confidentiality, as discussed in the Court's September 10, 2011 Order. (Doc. #35). To the extent that Nationwide will assert any objections to this Request based on privilege, confidentiality, or trade secret, a proper privilege log must be produced to Pepperwood. Therefore, Plaintiff's Motion to Compel this Request is due to be granted in part and denied in part, subject to the limitations set forth by the Court.

> **Request for Production No. 34 states:** ORIGINAL claims files relating to every reported hurricane claim in the state of Florida, to NATIONWIDE from 2004 through 2009, and/or a print out of such claims.

> **Response**: Objection. This Request is overbroad in both subject and temporal scope. Additionally, this Request is unduly burdensome. Moreover, this Request seeks the discovery of irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Pepperwood argues that this Request is relevant because Pepperwood has pled facts in its Complaint that the bad faith claims handling violations allegedly perpetrated here were done as *a general business practice* and that facts relating to prior occurrences similar to those underlying the instant insurance claim are relevant and material and, therefore, subject to discovery. Thus, Pepperwood is requesting the *original* claim file for every reported hurricane claim in the State of Florida made to Nationwide from 2004 through 2009, and/or a print out of such claims. Recognizing that such Request would be voluminous, Pepperwood has offered to offset the costs of pulling these files by reimbursing one-half of any reasonable costs incurred by Nationwide in responding to this Request.

Nationwide objects and responds that the Request is overbroad and burdensome. Indeed, the Court takes judicial notice that in a six-week period starting August 13, 2004, Florida was hit by four hurricanes (Charley, Frances, Ivan, and Jeanne). Nationwide asserts in its Brief that these hurricanes

resulted in more than 1.6 million claims being filed in Florida by March 2005.[3] Further, Nationwide asserts with respect to the relevancy of this Request that the only claim currently pending in this case is one for compensatory damages to Pepperwood for Nationwide's alleged violations of Florida insurance law with respect to Pepperwood's claims. Nationwide argues that the thousands of claim files requested by Pepperwood in this Request would not have any relevance whatsoever as to whether Nationwide handled Pepperwood's claim in bad faith or not. With regard to general business practice, Nationwide argues that even if Pepperwood is alleging that Nationwide's violations of Florida law against Pepperwood were done as a general business practice, the only significance of general business practice under Florida Statute section 624.155, is the availability, if the allegation if proven, of the recovery of punitive damages. And in the instant case there is no claim for punitive damages and therefore any discovery regarding general business practice is irrelevant.

Plaintiff filed a one-count Complaint in this case for Unfair Claims Practices pursuant to Florida Statute §§ 624.155 & 626.9541. (Doc. #2). In its prayer for relief Pepperwood requests actual and compensatory damages, interest and pre-judgment interest, costs, attorney's fees, and disgorgement of all unlawful or illegitimate monies Defendant profited from its bad faith claims handling practices.

Even though Plaintiff's Complaint does not specifically indicate that punitive damages are being sought in its prayer for relief it does state a one count for Unfair Claims Practices pursuant to

---

[3]It is not clear if this is the number of claims submitted to Nationwide alone, or this is the number of insurance claims made to all insurance companies in the State of Florida by March 2005. In any event, given the number of hurricanes in 2004 and the resulting devastation, the Court assumes that the number of claims made to Nationwide from 2004-2009 would be substantial.

Florida Statute § 624.155 and states in its Complaint: "Upon information and belief, the aforementioned acts, omissions, and statutory violations by NATIONWIDE has occurred with such frequency as to indicate a general business practice and said acts were performed willfully, wantonly, and maliciously in reckless disregard for the rights of its insured, PEPPERWOOD." (Doc. #2, ¶ 50). This language tracks the punitive damages subsection (5) of § 624.155, so this Court assumes that Pepperwood is making a claim for punitive damages in this matter and seeks discovery in order to establish a general business practice.

The Court finds that Pepperwood's Request No. 34, as stated, is clearly overbroad and burdensome. There has been no effort by Pepperwood to limit this request whatsoever and as a result they are essentially seeking any claim file arising out of a hurricane in the State of Florida for a five-year period. This could include residential claims made on a single-family home to damage done to commercial property. And there has been virtually no showing by Pepperwood - other than more than a general hunch - that Nationwide wrongfully denied even some of these claims such that Pepperwood could use the information to show a bad faith general business practice. This is the type of request that earns the label of a "fishing expedition" that is disfavored by the courts. Pepperwood has made no specific showing to the Court that such an overbroad request would encompass relevant and discoverable information. Therefore, Plaintiff's Motion to Compel Request No. 34 is denied.

> **Request for Production No. 35 states:** Copies of all information and documentation on NATIONWIDE'S claims' handling personnel, adjusters and supervisors involved with PEPPERWOOD'S claim, including but not limited to the following information:
>
> a. Job descriptions;
>
> b. Original application for employment;
>
> c. Annual performance evaluations;

d.  History of salary and promotions/demotions;

e.  Educational records (Including company courses), including Curriculum (taped or written) used for these courses;

f.  Letters of commendation or complaint;

g.  Memberships in professional organizations, codes of ethics.

**Response**: Objection. This Request is overbroad in both subject and temporal scope. Moreover, this Request seeks the discovery of irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Request seeks proprietary, confidential and trade secret protected materials, and should the preceding objections be overruled, a privilege log will be provided and the responsive documents will be produced upon the entry of an appropriate protective order.

Pepperwood argues that this Request is limited to only those individuals who were involved with Pepperwood's insurance claim and as such is limited in scope.  It also asserts that this information is relevant because these individuals "would be those that had the most financial interest in low balling the claim or refusing to timely pay owed insurance benefits," which Pepperwood pled in their Complaint.  With regard to burden, Pepperwood states there was only a limited number of Nationwide employees on the Pepperwood file(s).  Nationwide seemingly disagrees in their Brief, asserting that the request is not narrowly tailored and essentially requests personnel files for anyone whose name appears anywhere in the claim file.

The Court finds this information is relevant to Plaintiff's claims as pled.  But Nationwide's objection to the scope is well taken.  The Court doubts the relevancy of the personnel files for all employees at Nationwide who worked on Pepperwood's claims to this bad faith case.  Therefore, the Court finds that Nationwide shall produce the personnel files for the adjusters and supervisors who worked on Pepperwood's claims  that are the subject of this litigation.  This information is not due to be produced though until a protective order of confidentiality is entered by this Court.  To the

extent that Nationwide will assert any objections to this Request based on privilege, confidentiality, or trade secret, a proper privilege log must be produced to Pepperwood. Therefore, Plaintiff's Motion to Compel this Request is due to be granted in part and denied in part, subject to the limitations set forth by the Court.

> **Request for Production No. 36 states:** Copies of personnel or "H.R." (Human Resources) manuals for NATIONWIDE'S first party real property and/or hurricane claims' handling personnel, adjusters and supervisors for the State of Florida from 2004 through 2009, including, but not limited to:
>
> a. Job descriptions;
>
> b. Salary grade classifications;
>
> c. Criteria for promotion/demotion;
>
> d. Performance evaluations and activity review;
>
> e. Performance-based compensation plans;
>
> f. Incentive programs and retirement funds;
>
> g. Profit-sharing and stock ownership.
>
> **Response**: Objection. This Request is overbroad in both subject and temporal scope. Moreover, this Request seeks the discovery of irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Request seeks proprietary, confidential and trade secret protected materials, and should the preceding objections be overruled, a privilege log will be provided and the responsive documents will be produced upon the entry of an appropriate protective order.

The Court finds this information is relevant to Plaintiff's claims as pled. But Nationwide's objection to the scope is well taken. The Court doubts the relevancy of the Human Resource manuals for all employees at Nationwide who worked on Pepperwood's claims to this bad faith case. Therefore, the Court finds that Nationwide shall produce the human resource manuals for adjusters and supervisors who worked on Pepperwood's claims that are the subject of this litigation from

2005-2008.  This information is not due to be produced though until a protective order of confidentiality is entered by this Court.  To the extent that Nationwide will assert any objections to this Request based on privilege, confidentiality, or trade secret, a proper privilege log must be produced to Pepperwood.  Therefore, Plaintiff's Motion to Compel this Request is due to be granted in part and denied in part, subject to the limitations set forth by the Court.

> **Request for Production No. 37 states:** Copies of loss reserve history with regard to PEPPERWOOD'S claim including, but not limited to:
>
> a.  Original reserves and all changes;
>
> **Response**: Please see the documents produced in response to Request #1.
>
> b.  Methods and criteria for setting reserves.
>
> **Response**: Objection. This Request is overbroad in temporal scope.  Additionally, this Request seeks proprietary, confidential and trade secret protected materials, and should the preceding objection be overruled, a privilege log will be provided and the responsive documents will be produced upon the entry of an appropriate protective order.

In support of this Request, Pepperwood argues that in analyzing Nationwide's alleged bad faith refusal to timely pay insurance proceeds owed, this Court must look to see whether Nationwide had reasonable and probable cause for its refusal to pay a claim, as determined by the facts and circumstances and the knowledge held by the insurer at the time of refusal.  Nationwide responds that all of this information was produced in response to Request for Production No. 1 - the claim file materials.

This information was also requested by Pepperwood in Interrogatories 5 and 5A to Plaintiff's First Set of Interrogatories.  With regard to these Interrogatories, this Court previously found that reserve information is relevant and is contained in the Reserve/Payment Detail Reports within the claims files.  Therefore, Nationwide has complied with its obligation to identify where the

information was available in response to subsection (a) of this Request. But it is not clear that the Reserve/Payment Detail Reports would include information regarding subsection (b) of this Request, which requests Nationwide's methods and criteria for setting reserves. It appears that Nationwide has not produced documents detailing this information because it objects in its Response and Brief that this information is entitled to proprietary, confidential, and trade secret protection.

"The calculation of insurance reserves is an accounting technique by which insurance companies estimate the maximum potential liability on a claim." 1550 Brickell Associates v. QBE Insurance Corp., 2011 WL 9506, *3 (S.D. Fla. Jan. 3, 2011). The Court finds that the information in response to subsection (b) would be relevant and discoverable in a bad faith case. This information is not due to be produced though until a protective order of confidentiality is entered by this Court. To the extent that Nationwide will assert any objections to this Request based on privilege, confidentiality, or trade secret, a proper privilege log must be produced to Pepperwood. Therefore, Plaintiff's Motion to Compel this Request is due to be granted in part and denied in part, subject to the limitations set forth by the Court.

> **Request for Production No. 38 states:** Copies of videotaped, recorded, or written training materials for first party property and/or hurricane claims' handling of NATIONWIDE personnel, adjusters and supervisors in the State of Florida from 2004 through 2009, including, but not limited to:
>
> a. Real Property (including hurricane) loss adjusting;
>
> b. Disputed claims;
>
> c. Coverage interpretation.
>
> **Response**: Objection. This Request is overbroad in both subject and temporal scope. Additionally, this Request seeks proprietary, confidential and trade secret protected materials, and should the preceding objections be overruled, a privilege log will be provided and the responsive documents will be produced upon the entry of an appropriate protective order.

The Court agrees that this Request is overbroad, but finds it is relevant to Plaintiff's claims. Therefore, the Court limits this request to applicable training materials for adjusters and supervisors who worked on Pepperwood's claims that are the subject of this litigation from 2005-2008. These documents do not need to be produced though until the Court has entered a protective order of confidentiality, as discussed in the Court's September 10, 2011 Order. (Doc. #35). To the extent that Nationwide will assert any objections to this Request based on privilege, confidentiality, or trade secret, a proper privilege log must be produced to Pepperwood. Therefore, Plaintiff's Motion to Compel this Request is due to be granted in part and denied in part, subject to the limitations set forth by the Court.

> **Request for Production No. 39 states:** Copy of employee handbooks for NATIONWIDE'S first party property and/or hurricane claims' handling personnel, adjusters and supervisors in the State Florida from 2004 through 2009, including, but not limited to:
>
> a. Orientation manual or booklet;
>
> b. Benefits;
>
> c. Profit-sharing, stock ownership and incentive plans;
>
> d. Company philosophies and policies in handling first party property and/or hurricane claims.
>
> **Response**: Objection. This Request is overbroad in both subject and temporal scope. Additionally, this Request seeks proprietary, confidential and trade secret protected materials, and should the preceding objections be overruled, a privilege log will be provided and the responsive documents will be produced upon the entry of an appropriate protective order.

The Court agrees that this Request is overbroad, but finds it is relevant to Plaintiff's claims. Therefore, the Court limits this request to applicable employee handbooks for adjusters and supervisors who worked on Pepperwood's claims that are the subject of this litigation from 2005-

2008.  These documents do not need to be produced though until the Court has entered a protective order of confidentiality, as discussed in the Court's September 10, 2011 Order.  (Doc. #35).  To the extent that Nationwide will assert any objections to this Request based on privilege, confidentiality, or trade secret, a proper privilege log must be produced to Pepperwood.  Therefore, Plaintiff's Motion to Compel this Request is due to be granted in part and denied in part, subject to the limitations set forth by the Court.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiff's Motion to Compel Defendant to Provide Better Responses to Plaintiff's First Request for Production Served With the Complaint (Doc. #23) is **GRANTED** in part and **DENIED** in part.

    (a)     Plaintiff's Motion to Compel Requests Nos. 4, 25, 27, 33, 35, 36, 37, 38, and 39 is **GRANTED in part and DENIED in part**.

        (i)     Nationwide's deadline to respond to Requests Nos. 33, 35, 36, 37, 38, and 39 shall be **two (2) weeks** following this Court's entry of a protective order of confidentiality.

        (ii)     Nationwide shall provide the documents listed on its privilege log with respect to Request No. 4 that the Court ordered be provided to the Court for *in camera* review on or before **October 12, 2011.**

    (b)     Plaintiff's Motion to Compel Requests Nos. 2, 6, 24, 26, 28, 29, 30, 31, and 34 is **DENIED**.

(2)     Nationwide shall provide responses to the requests for production that do not require the entry of a protective order of confidentiality in accordance with this Order on or before **October 30, 2011.** If Nationwide asserts that any documents are privileged, confidential, or trade secret, a proper privilege log shall be produced by this date.

(3)     Defendant's request for attorneys fees, costs, and interest is **DENIED** at this time subject to reconsideration if appropriate, including any failure to comply with this Order.

     **DONE AND ORDERED** at Fort Myers, Florida, this __1st__day of October, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record